■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN THOMPSON, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County (Dunkin, J.), rendered December 6, 1982, convicting him of attempted robbery in the first degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial (Naro, J.), after a hearing, of that branch of defendant's omnibus motion which sought suppression of identification testimony.

Judgment affirmed.

Based upon the complainant's testimony that she viewed the perpetrators for more than half an hour under adequate lighting conditions, during which time they were as close as four feet from her, the hearing court did not err in concluding that there was a sufficient independent source for an in-court identification. The pretrial identification was not so impermissibly suggestive as to give rise to a substantial likelihood of irreparable misidentification (see, Neil v Biggers, 409 US 188; Simmons v United States, 390 US 377).

Defendant forfeited his right to challenge the court's adverse Sandoval ruling by his plea of guilty (People v Griffin, 110 AD2d 850). Were we to reach the merits of defendant's Sandoval contention, we would hold that the court did not abuse its discretion in ruling that the People could cross-examine defendant regarding the facts underlying two prior convictions which were of a similar nature to the instant charges if he chose to testify at a trial, since those prior crimes were highly probative of defendant's willingness to put his self-interest before that of society (see, People v Williams, 108 AD2d 767). Mollen, P. J., Thompson, Rubin and Kunzeman, JJ., concur.