■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM S. JOHNSON, JR., Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Cacciabaudo, J.), rendered January 10, 1984, convicting him of attempted robbery in the first degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

On the instant appeal, the defendant argues, *inter alia,* that the Supreme Court committed prejudicial error in its *Sandoval* ruling by allowing the People to cross-examine him with respect to three prior misdemeanor convictions. This argument must be rejected. The defendant "forfeited his right to challenge the court's adverse *Sandoval* ruling by his plea of guilty" *(People v Thompson,* 117 AD2d 637, *lv denied* 67 NY2d 951). Were we to reach the merits of the defendant's *Sandoval* contention, we would hold that the court did not abuse its discretion, since these prior crimes were "highly probative of defendant's willingness to put his self-interest before that of society" *(People v Thompson, supra).*

The record supports the Supreme Court's determination after a *Wade* hearing that the photographic identification procedures utilized by the police were "constitutionally fair and not suggestive" and that the victims could make in-court identifications of the defendant at trial *(see, People v Garcia,* 115 AD2d 617, *lv denied* 67 NY2d 883). In any event, the People established, by clear and convincing evidence at the *Wade* hearing, that the proffered in-court identifications had an independent origin based on the victims' opportunity to view the defendant in good light and in close quarters during the commission of the crime *(People v Ballott,* 20 NY2d 600; *People v Whitaker,* 126 AD2d 688, *lv denied* 69 NY2d 1011).

We have considered the defendant's remaining contentions and find them to be without merit. Mangano, J. P., Bracken, Brown and Kunzeman, JJ., concur.