■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE CARDWELL, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Balbach, J.), rendered November 19, 1984, convicting him of murder in the second degree (two counts), robbery in the first degree, and criminal possession of a weapon in the second degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Gallagher, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

As is conceded by the People on appeal, the hearing court erred in failing to suppress testimony regarding the showup identifications made by several of the eyewitnesses at the station house shortly after the commission of the crime *(see, People v Riley,* 70 NY2d 523). However, the hearing court did not err in permitting those witnesses to identify the defendant in court since the evidence adduced at the hearing supports the hearing court's determination that those witnesses had an independent source for their in-court identification *(see, People v Adams,* 53 NY2d 241, 248; *People v Johnson,* 141 AD2d 848). Moreover, given the overwhelming evidence on the issue of identification, the erroneous admission at trial of testimony regarding the showup identifications must be deemed harmless *(see, People v Adams, supra,* at 252).

The defendant's contention that he was denied a fair trial by virtue of the trial court's denial of his motion to sever his trial from that of his codefendant McCoy is without merit. "[I]t is clear that severance is not required solely because of hostility between the defendants, differences in their trial strategies or inconsistencies in their defenses. It must appear that a joint trial necessarily will, or did, result in unfair prejudice to the moving party and substantially impair his defense" *(People v Cruz,* 66 NY2d 61, 73-74; *People v Compitiello,* 118 AD2d 720). The defendant failed to make the required showing. Moreover, severance was not required on the basis that McCoy made a pretrial statement which implicated the defendant, as McCoy testified at trial *(cf., Bruton v United States,* 391 US 123), and the independent proof against the defendant was substantial *(see, People v Payne,* 35 NY2d 22, 27-28).

We have considered the defendant's remaining contentions, including the contention raised in his supplemental *pro se* brief, and find that they are either unpreserved for appellate review or do not warrant reversal under the circumstances of this case. Brown, J. P., Lawrence, Eiber and Rosenblatt, JJ., concur.