■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RANKIN MILLER, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Lange, J.), rendered September 2, 1986, convicting him of grand larceny in the third degree (two counts), criminal possession of stolen property in the second degree (three counts) and bail jumping in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The hearing court erred in failing to suppress testimony regarding the showup identification of the defendant at the station house by a department store security guard *(see, People v Riley,* 70 NY2d 523; *cf., People v Gordon,* 76 NY2d 595). However, the court did not err in permitting the security guard to identify the defendant in court, as the evidence adduced at the hearing established that this witness had an independent basis for an in-court identification *(see, People v Adams,* 53 NY2d 241; *People v Cardwell,* 162 AD2d 459). The erroneous admission of testimony regarding the showup identification was harmless in light of the overwhelming evidence on the issue of identification *(see, People v Adams, supra; People v Cardwell, supra).*

We agree with the defendant's contention that his oral statements to a police officer in which he offered to "make a deal" and "become a fence" were not admissible against him at trial since these particular statements were not included in the People's notice pursuant to CPL 710.30, and the People failed to establish good cause for the delay in furnishing the required notice *(see, People v Amparo,* 73 NY2d 728; *People v O'Doherty,* 70 NY2d 479). Nevertheless, this error was harmless in light of the overwhelming proof of the defendant's guilt *(see, People v Crimmins,* 36 NY2d 230; *cf., People v O'Doherty, supra).*

The defendant's contention that the court erred in denying his request to substitute counsel is without merit. The record reveals that the defendant failed to meet his burden of show-

ing good cause *(see, People v Sawyer,* 57 NY2d 12, *cert denied* 459 US 1178).

The defendant's contention that the court erred in failing to submit certain lesser included charges to the jury is unpreserved for appellate review *(see, People v Duncan,* 46 NY2d 74, *cert denied* 442 US 910; CPL 470.05 [2]), and we decline to exercise our interest of justice jurisdiction to review the issue. Finally, we find that the sentence imposed was not excessive *(see, People v Suitte,* 90 AD2d 80). Kunzeman, J. P., Kooper, Harwood and O'Brien, JJ., concur.