■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JASPER WALKER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Linakis, J.), rendered June 6, 1985, convicting him of assault in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The issue of the alleged bolstering testimony elicited from police witnesses at trial has not been preserved for appellate review as a matter of law *(see,* CPL 470.05). In any event, although there was error, it was harmless in light of the identification evidence produced at trial *(see, People v Johnson,* 57 NY2d 969; *People v Williams,* 109 AD2d 906; *cf. People v Green,* 104 AD2d 451, 452). Because of the overwhelming evidence of identity, the court's identification charge, although not as detailed as the defense requested, was proper as it provided an accurate statement of the law *(see, People v Whalen,* 59 NY2d 273, 279; *People v Beasley,* 114 AD2d 415, 416; *People v Smith,* 100 AD2d 857, 858).

Finally, it was proper for the court to permit the prosecutor to elicit direct testimony of a witness through leading questions. The record indicates that the witness was an unwilling one and that there was little danger of her acquiescing in the prosecutor's suggestions as to the perpetrator's identity, since she had known the defendant prior to the incident *(see generally,* McCormick, Evidence § 6, at 11-12 [3d ed]). Rubin, J. P., Lawrence, Kooper and Spatt, JJ., concur.