■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN OLKOSKI, Appellant.—Appeals by the defendant from two judgments of the County Court, Suffolk County (Tisch, J.), both rendered June 11, 1985, convicting him of robbery in the first degree under indictment No. 1214/84, and of robbery in the first degree (three counts), under indictment No. 1215/84, upon his pleas of guilty, and imposing sentences. The appeals bring up for review the denial, after a hearing, of those branches of the defendant's omnibus motions which were to suppress statements, physical evidence and identification testimony.

Ordered that the judgments are affirmed.

The photographic array shown to the victim of the final robbery in the string of holdups committed by the defendant and his codefendant was not unduly suggestive. The victim had not described the perpetrator as having worn his hair in a ponytail, and the fact that the defendant's photograph showed him with a ponytail did not constitute a "characteristic of one picture [that] draws the viewer's attention, indicating that the police have made a particular selection" *(People v Shea,* 54 AD2d 722), particularly since the other photos showed individuals of similar height, build, hair length and hair color as the defendant.

The record gives us no cause to disturb the determination of the hearing court that the entry of the police into the defendant's family home was validly consented to by his father and that the statements given by him to the police were not rendered involuntary or unreliable by his alleged drug intoxication *(see, People v Prochilo,* 41 NY2d 759, 761; *People v Adams,* 26 NY2d 129, 137, *cert denied* 339 US 931).

We have reviewed the defendant's remaining contentions, including that presented in his supplemental brief, and find them to be without merit. Thompson, J. P., Brown, Niehoff and Spatt, JJ., concur.