■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK A. DE MEO, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Seidell, J.), rendered November 26, 1984, convicting him of kidnapping in the second degree (two counts), criminal use of a firearm in the first degree (two counts), assault in the second degree (two counts), unauthorized use of a vehicle in the first degree (two counts), rape in the first degree and attempted coercion in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

It was not an abuse of discretion to deny the defendant's motion for a severance once the counts had been properly consolidated pursuant to CPL 200.20 (2) (b). The defendant's modus operandi of attacking young women once they entered their cars in public parking lots was sufficiently unique so that evidence of each assault would have been admissible upon a trial of the others. In each of the three assaults the defendant, wearing black gloves, waited until a young woman was in her car and then ordered her over to the passenger seat. In two of the incidents the defendant brandished a small black gun and drove off in the victim's car, holding the victim at gunpoint. It is noteworthy that these three attacks occurred within a two-day period and the third attack occurred only hours after the second in the same shopping mall. The defendant's acts were demonstrative of a distinctive, repetitive pattern and were highly probative on the issue of his identity *(People v Beam,* 57 NY2d 241; *People v Allweiss,* 48 NY2d 40; *People v Molineux,* 168 NY 264). As the defendant failed to make a clear and convincing showing of a need to testify as to one encounter and a strong need to refrain from testifying as to the others, it was a proper exercise of the court's discretion to deny the defendant's motion for severance (CPL 200.20 [3]; *People v Lane,* 56 NY2d 1; *People v Mack,* 111 AD2d 186, *lv denied* 66 NY2d 616).

Suppression of the pretrial identifications was properly denied *(People v Adams,* 53 NY2d 241; *People v Hampton,* 129

AD2d 736). With respect to the defendant's contention of improper bolstering, we note that this claim was not preserved for appellate review *(see, People v King,* 121 AD2d 471, *lv denied* 68 NY2d 758; *People v Pipia,* 115 AD2d 782, *lv denied* 67 NY2d 888). Even if we were to review the claim in the interest of justice, we would find that although it was error for the officer to recount that one victim identified the defendant from a lineup, the evidence of the defendant's identity was so strong that there was no substantial issue on this point. Therefore, the error was harmless *(People v Mobley,* 56 NY2d 584).

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find the evidence was legally sufficient to establish the defendant's guilt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]). We further note that the merger doctrine is inapplicable to the facts at bar as there existed no other crime with which the kidnapping could be merged. The assault occurred only when the victim attempted to flee; thus the kidnapping count could not be merged with the assault count.

We have reviewed the defendant's other contentions, including the assertion that his sentence was excessive, and find them to be without merit. Kunzeman, J. P., Eiber, Sullivan and Balletta, JJ., concur.