■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT ZAMBITO, Appellant.—Mercure, J. Appeal from a judgment of the County Court of Chemung County (Castellino, J.), rendered April 29, 1988, upon a verdict convicting defendant of the crimes of grand larceny in the third degree and petit larceny.

Defendant was charged with grand larceny in the third degree and petit larceny as the result of his theft of jewelry from display cases in two department stores. Convicted after trial, he appeals, contending, *inter alia,* that (1) the evidence was not legally sufficient to establish his guilt, (2) the photographic array identification procedure was unduly suggestive, warranting preclusion of the in-court identification testimony, (3) his constitutional and statutory rights to a speedy trial were denied, and (4) the prosecution's failure to timely make available certain evidence denied him due process of law. In our view, the conviction should be affirmed.

Viewing the evidence in the light most favorable to the prosecution (see, *People v Contes*, 60 NY2d 620), we find that it was legally sufficient to establish defendant's guilt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]; *People v Bleakley*, 69 NY2d 490). A store clerk saw defendant extend his arm over the jewelry counter and return it to his body at least two times while he glanced around the store. Immediately after he left, it was determined that the back access door to the middle of the display case was open, certain of the ring displays were tipped over and numerous rings were missing. Further, fingerprint evidence established defendant's presence inside the case.

We have examined the record and conclude that County Court properly found that the photographic array was not unduly suggestive. Neither the placement of a witness's initials under defendant's photograph nor the depiction of defendant wearing a gold necklace caused defendant to stand out (see, *People v Olkoski*, 131 AD2d 706; *People v Magee*, 122 AD2d 227). When the array was displayed to subsequent witnesses, the investigator covered the writing with his thumb. In any event, any possible suggestiveness did not

render the identification testimony unreliable. The in-court identification testimony had an independent origin since each witness had ample opportunity to observe defendant in good light at close range during the commission of the crimes *(see, People v Johnson,* 141 AD2d 848; *People v Haynes,* 88 AD2d 1070).

Neither do we find merit in defendant's contention, raised for the first time on appeal, that his right to a speedy trial was violated. Defendant's failure to seek dismissal on this basis in County Court *(see, People v Primmer,* 46 NY2d 1048, 1049; *People v Brooks,* 105 AD2d 977, 979) and his statements on the record on January 19, 1988 *(see, People v Rodriguez,* 50 NY2d 553, 557) constituted a waiver of his speedy trial rights. Moreover, the prosecutor announced his readiness and was in fact ready to proceed on January 19, 1988, well within the six-month statutory period *(see, People v Kendzia,* 64 NY2d 331, 337), and defendant was brought to trial within seven months after issuance of the original indictment *(see, People v Taranovich,* 37 NY2d 442, 445-447). Thus, we perceive no violation of defendant's constitutional or statutory speedy trial rights.

Similarly unpersuasive is defendant's contention that the prosecution's failure to provide him with *Brady* material in a timely fashion denied him due process of law. The record does not demonstrate that the testimony of two witnesses, whose identities defendant claims should have been disclosed, would have been favorable to defendant *(see, United States v Bagley,* 473 US 667, 682). Moreover, in our view, there was no *Brady* violation resulting from the prosecution's delay in making available the fingerprint evidence. The evidence was provided to defendant well in advance of the trial and in sufficient time for its effective use *(see, People v Brown,* 67 NY2d 555, 559, *cert denied* 479 US 1093; *People v McAfee,* 95 AD2d 898). We have examined defendant's remaining contentions and find them to be without merit. Accordingly, the judgment of conviction should be affirmed.

Judgment affirmed. Mahoney, P. J., Kane, Levine, Mercure and Harvey, JJ., concur.