■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS A. TRAMA, Appellant.—Appeal by the defendant from three judgments of the County Court, Westchester County (Cowhey, J.), all rendered July 7, 1987, convicting him of sodomy in the first degree (two counts), sexual abuse in the first degree (two counts), assault in the second degree, petit larceny and menacing (two counts) under indictment No. 86-01513-01, and of sodomy in the first degree (six counts) and rape in the first degree (four counts) under indictment No. 87-00301-01, upon jury verdicts, and grand larceny in the third degree under indictment No. 87-00697-01, upon his plea of guilty, and imposing sentences. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion under indictment No. 86-01513-01 which was to suppress identification testimony.

Ordered that the judgments are affirmed.

The defendant was charged in two separate indictments (Nos. 86-01513-01 and 87-00301-01), with, *inter alia,* rape, sodomy and unlawful imprisonment based on four incidents which occurred on or near Route 684 in Westchester County between June and November 1986. In each incident, a different female victim, driving alone at night, was lured into stopping by the side of the highway by a man who drove alongside her car and indicated that she had a problem with her rear tire. The charges in indictment No. 86-01513-01 were related to three separate incidents in August, October and November 1986. The defendant moved prior to trial to sever the counts as to each incident on the ground that the jury would be unable to separately consider the evidence as to each charge. The People moved to jointly try the charges in this indictment with indictment No. 87-00301-01.

As the counts in indictment No. 86-01513-01 were properly joined pursuant to CPL 200.20 (2) (b), the defendant's motion for a severance was properly denied. The ruse allegedly employed by the defendant in each incident was sufficiently distinctive that the testimony of each victim identifying him as the perpetrator would be admissible in separate trials *(see, People v Beam,* 57 NY2d 241). CPL 200.20 (2) (b) permits the

joinder of counts involving different underlying criminal transactions where the proof of one offense would be material and admissible as evidence-in-chief upon a trial of the others *(see, People v Gallishaw,* 143 AD2d 198; *People v De Meo,* 139 AD2d 758). The same ruse was allegedly used by the defendant in the incident in June 1986 which was the subject of the charges in indictment No. 87-00301-01. The joint trials of the two indictments was therefore permissible pursuant to CPL 200.20 (4), and the defendant failed to establish that undue prejudice would result *(see, People v Lane,* 56 NY2d 1). The record fails to reveal any actual prejudice to the defendant. The court instructed the jury to consider the evidence separately as to each charge *(see, People v Clark,* 129 AD2d 724). Evidence as to each charge was separately presented and there was strong identification testimony with respect to each incident *(see, People v Angelo,* 133 AD2d 832).

The defendant contends that the identification testimony of one of the witnesses at the trial should have been suppressed. This witness had contacted the State Police after reading about the October incident in a newspaper. She had encountered a man who fit the description of the perpetrator earlier that same evening. He had caused her to stop at an exit of the highway by using the ruse that she had a problem with her rear tire. However, she drove to a public place to phone for help, and the man left the scene. At the time this witness contacted the police, there were no suspects in the prior incidents. She consented to hypnosis to help her recall the perpetrator's license plate. After the defendant's arrest in November 1986, this witness identified him in a showup at the police barracks.

The defendant contends that the witness's testimony should be suppressed because of the suggestive nature of the hypnosis and the showup. This contention is without merit. The People established by clear and convincing evidence that the witness had an independent source for an in-court identification. She had an ample opportunity to view the defendant under good lighting conditions *(see, People v Johnson,* 146 AD2d 587). Furthermore, the hypnosis did not render her testimony unreliable since the evidence established that the session was not suggestive. The police did not have any suspects at the time and the documents prepared by the police prior to the hypnosis establish that the witness's posthypnotic recollection did not differ materially from her prehypnotic recollection of the incident. Although there is a danger that hypnosis will artificially enhance a witness's memory, the record established that

this witness was confident of her recollection prior to the session, and the hypnotist did not tell her that she would remember everything when she woke up *(see, People v Tunstall,* 63 NY2d 1; *People v Hughes,* 59 NY2d 523; *People v Gray,* 154 AD2d 478).

The court's charge on identification discussed the factors affecting the witness's ability to identify the defendant and instructed the jury that identification must be proven beyond a reasonable doubt. The defendant's contention that the court's charge deprived him of a fair trial is without merit in view of the fact that the charge exceeded the minimal instruction required and was an accurate statement of the law *(see, People v Whalen,* 59 NY2d 273). The defendant was not prejudiced by the court's refusal to incorporate the additional language requested *(see, People v Walker,* 125 AD2d 732).

The sentences imposed were not excessive under the circumstances *(see, People v Suitte,* 90 AD2d 80). The defendant's remaining contention that the prosecutor's summation deprived him of a fair trial is without merit. Thompson, J. P., Brown, Rubin and Eiber, JJ., concur.