■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH SAUNDERS, Also Known as RONALD EVANS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (O'Brien, J.), rendered January 22, 1988, convicting him of robbery in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that it was error for the trial court at the second trial to permit one of the eyewitnesses to testify that at the first trial she had identified the defendant as one of the culprits. However, under CPL 60.30 prior identification evidence is admissible. Moreover, the defendant cannot now successfully argue that the prior in-court identification was unduly suggestive since as it was defense counsel who elicited the in-court identification of the defendant at the first trial *(see, People v White,* 73 NY2d 468, 475, *cert denied* — US —, 110 S Ct 170).

The defendant also contends that the other eyewitness's in-court identification which occurred over seven years after the robbery and without the witness ever having participated in any other identification procedure was improper. We disagree. The issue of the reliability of the identification was properly left for the jury since the resolution of issues of credibility, as well as the weight to be accorded the evidence presented, are primarily questions to be determined by the jury *(see, People v Gruttola,* 43 NY2d 116, 122).

Although the prosecutor at this trial would have been bound by the prosecutor's stipulation at the first trial not to elicit in-court identifications of two eyewitnesses *(see,* CPL 710.60 [2] [b]) the record is equivocal as to whether the attorneys at the first trial in fact stipulated that the two eyewitnesses would be precluded from making an in-court identification at all subsequent criminal proceedings. Even so,

in light of the overwhelming evidence of defendant's guilt, any error is harmless beyond a reasonable doubt *(see, People v White, supra,* at 475-476).

Since defense counsel failed to object to the court's identification charge at trial, this issue is not preserved for appellate review (CPL 470.05 [2]; *People v Medina,* 53 NY2d 951, 953). In any event, the court's charge concerning identification was in accord with the minimal instruction required and was an accurate statement of the law *(see, People v Whalen,* 59 NY2d 273; *People v Trama,* 160 AD2d 748; *People v Beard,* 157 AD2d 788).

Finally, under the circumstances of this case, including the hearing court's finding that missing evidence was inculpatory only and that there was no bad faith on the part of the police department or the District Attorney's office concerning this loss, the court's charge regarding this issue was proper *(see, People v Haupt,* 71 NY2d 929; *People v Kelly,* 62 NY2d 516, 521; *People v Wells,* 144 AD2d 400). Bracken, J. P., Eiber, Balletta and Rosenblatt, JJ., concur.