■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM R. BROWN, JR., Appellant.—Kane, J. P. Appeal from a judgment of the County Court of Chemung County (Castellino, J.), rendered January 27, 1989, upon a verdict convicting defendant of the crimes of criminal possession of a weapon in the second degree, attempted aggravated assault upon a police officer and menacing.

Defendant appeals his conviction for crimes stemming from his violent encounter with two police officers from the City of Elmira Police Department in Chemung County. The incident began during the early morning of August 2, 1988 when an employee asked defendant to leave a local restaurant because of his disorderly behavior. Defendant refused and the police were called. Police Officers James Waters and Charles Hancock arrived at the scene and escorted defendant from the restaurant. Once outside, defendant refused to give his name to the officers, who responded by asking defendant to leave the premises. Defendant subsequently became unruly, swearing and gesturing abusively toward the officers, who then attempted to arrest defendant for disorderly conduct. Defendant forcefully resisted, swinging and kicking at the officers. At some point during the fracas, Waters' firearm, a Smith & Wesson nine-millimeter handgun, came out of his holster. Waters testified at trial that during the struggle, he saw the gun in defendant's hand and proceeded to wrest it from him. Hancock testified that he saw the gun in defendant's hand and that defendant pointed the gun at Hancock's head and stated that he was going to kill both officers. Although Hancock witnessed defendant pull the trigger several times, the gun's safety apparently prevented it from firing. Defendant was subsequently subdued and arrested. After a trial, defendant was found guilty and convicted of criminal possession of a weapon in the second degree, attempted aggravated assault upon a police officer and menacing. This appeal followed.

We affirm. Initially, we must reject defendant's contention that he was deprived of effective assistance of counsel at trial. Defendant's argument relies primarily on defense counsel's failure to elicit certain testimony from one witness and his decision not to call another witness. It is our view that such

trial tactics, however unsuccessful they may appear after hindsight analysis, did not constitute ineffective assistance of counsel *(see, People v Mettler,* 147 AD2d 849, 851, *lv denied* 74 NY2d 666). Our review of the record reveals that given the evidence, law and circumstances which attend this particular case, defendant was afforded meaningful representation *(see, People v Satterfield,* 66 NY2d 796, 798-799; *People v Baldi,* 54 NY2d 137, 146; *see also, People v Benjamin,* 151 AD2d 685, 686).

We also reject defendant's contention that County Court erroneously denied a request to recharge the jury on the defense of temporary lawful possession in connection with the criminal possession charge. The request was made after the jury had been reread the elements of the crime of criminal possession of a weapon in the second degree, as they had specifically requested, and had then resumed deliberations *(see, People v Almodovar,* 62 NY2d 126, 132). Accordingly, it is our view that the court responded meaningfully to the jury's inquiry without prejudicing defendant *(see, People v Malloy,* 55 NY2d 296, 301-302, *cert denied* 459 US 847).

We find equally without merit defendant's argument that the prosecution's failure to turn over *Brady* material *(see, Brady v Maryland,* 373 US 83; *People v Novoa,* 70 NY2d 490, 496) required a mistrial. The prosecution provided the evidence to defense counsel immediately after its discovery so that defendant had sufficient time to effectively incorporate it into his defense *(see, People v Brown,* 67 NY2d 555, 559, *cert denied* 479 US 1093; *People v Zambito,* 153 AD2d 975, 976). We have examined defendant's remaining contentions and find them either meritless or unpreserved for our review.

Judgment affirmed. Kane, J. P., Weiss, Levine, Mercure and Harvey, JJ., concur.