■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CALVIN MAYS, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (West, J.), rendered September 6, 1990, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The complainant offered uncontradicted testimony that she was confronted by the defendant holding what appeared to be a pistol with a small paper bag over its muzzle. There having been no rational basis upon which the jury could have rejected the testimony concerning the gun while accepting the balance of the complainant's testimony about the robbery, the defendant's request for a charge on the lesser included offense of robbery in the third degree was properly denied *(see, People v Blim,* 63 NY2d 718, 720-721; *People v Glover,* 144 AD2d 483; *People v White,* 121 AD2d 762, 763; *People v Neal,* 118 AD2d 815).

We reject the defendant's contention that the County Court erroneously denied a request to recharge the jury on the element of "forcible stealing". There was no express request for such an instruction in the jury's note, which simply asked that the court recite the five elements of robbery in the first degree (Penal Law § 160.15 [4]), nor was there any indication that the jury was confused on this point *(see, People v Malloy,* 55 NY2d 296, 302, *cert denied* 459 US 847; *People v Brown,* 166 AD2d 762; *People v Dean,* 162 AD2d 699, 700).

The defendant asserts as error numerous instances where the court's charge varied from the specific language contained in his written requests to charge. The bulk of these alleged errors constitute mere objections to the fact that the trial court did not employ the specific language proposed by the defendant *(see, People v Dory,* 59 NY2d 121; *People v Hathaway,* 159 AD2d 748, 751; *People v Maldonado,* 127 AD2d 855).

The court's identification charge, while not as extensive as that requested, accurately stated the law and did not prejudice the defendant *(see, People v Whalen,* 59 NY2d 273; *People v Trama,* 160 AD2d 748; *People v Walker,* 125 AD2d 732), especially in view of the overwhelming evidence of identity, which included the fact that the defendant was well known to the complainant *(see, People v Floyd,* 150 AD2d 486; *People v Beasley,* 114 AD2d 415).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Lawrence, J. P., Balletta, Rosenblatt and O'Brien, JJ., concur.