◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN GONZALEZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Demakos, J.), rendered September 13, 1990, convicting him of rape in the first degree (two counts), robbery in the third degree (two counts), sodomy in the first degree (two counts), unlawful imprisonment in the second degree (two counts), sexual abuse in the first degree (eleven counts), and coercion in the first degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contentions, the evidence adduced at trial was sufficient to prove his guilt beyond a reasonable doubt. Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), it established that the defendant held two women captive at the Long Island Rail Road Woodside station for over an hour while he raped, robbed, and sexually abused them. Both victims gave the police descriptions of the assailant. After the defendant's arrest, he was identified in a lineup by one of the victims and by the conductor of the train into which he fled after the crimes had been committed.

Although there were certain inconsistencies in the descriptions provided by the victims, and one of the victims was unable to positively identify the defendant as the assailant, issues of credibility, as well as the weight to be accorded the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Moreover, upon the exercise of our factual review power, we find that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

Additionally, we reject the defendant's contentions that the court's charge with respect to the issue of identification and the assessment of the witnesses' testimony was deficient. At the trial, the defense counsel asked, without elaborating upon his request, only that the court charge "that the jury may also consider a description the witnesses gave of the perpetrator". On appeal, the defendant contends that the foregoing statement constituted a request that the court deliver an instruction charging the jury that it should consider the "accuracy" of the witnesses' prior descriptions of the assailant and that the failure to so charge was reversible error. We disagree.

The court gave the jury an extensive and complete charge concerning the resolution of factual issues pertaining to the defendant's alleged identity as the perpetrator. The court provided detailed instructions relating to the manner in which the jury should assess a witness's testimony for credibility, veracity, and the ability to make accurate observations, and twice emphasized that the jury was to examine "with great care" all of the evidence concerning identity. The court also admonished the jury that it "must be deeply concerned that no mistake in identification should result in the conviction and punishment of the wrong man", and further charged the jury that it must be "satisfied that the identification testimony

by the witnesses is as certain as human recollection permits under the most favorable circumstances". Although the court did not specifically marshal the evidence relating to the witnesses' descriptions during its identification charge *(cf., People v Knowell,* 127 AD2d 794), its instructions fully and properly apprised the jury of all the factors relevant to its evaluation of a witness's credibility, veracity, and ability to make accurate observations concerning the perpetrator's identity *(see, People v Whalen,* 59 NY2d 273; *People v Mays,* 178 AD2d 557; *People v Simpson,* 178 AD2d 500; *People v Reid,* 138 AD2d 642, 643). Thompson, J. P., Miller, Pizzuto and Santucci, JJ., concur.