■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRUCE M. DANIELS, Appellant. [627 NYS2d 483] —Yesawich Jr., J. Appeal from a judgment of the County Court of Warren County (Moynihan, J.), rendered December 1, 1993, upon a verdict convicting defendant of three counts of the crime of rape in the first degree.

Convicted after trial of three counts of rape in the first degree, defendant argues that County Court abused its discretion by consolidating two indictments, one charging him with raping two victims with whom he was previously acquainted, and with respect to which his defense was consent (hereinafter the first two counts), and a second, stemming from the rape of a third victim, unknown to defendant, whom he contends is mistaken as to the identity of her attacker (hereinafter the third count). County Court granted consolidation because it was of the view that proof of the offenses charged in the first indictment were material and admissible upon the trial of the second indictment (*see*, CPL 200.20 [2] [b]). Specifically, the court reasoned that, a unique *modus operandi* having been employed in the commission of these crimes, each was highly probative of the identity of the perpetrator of the others. Although the charged offenses are joinable, as all three arise from defendant's alleged violation of the same statutory provision (CPL 200.20 [2] [c]), consolidation was inappropriate here, for it exposed defendant to prejudice so significant as to render the trial manifestly unfair.

The charged rapes occurred on three consecutive days, and each was allegedly committed in the front seat of a dark-colored car with bucket seats on a country road. These factors aside, the differences between the first two counts and the third count are more notable than the similarities. The facts underlying the first two counts are that the victims accompanied defendant to his car voluntarily, spent time socializing with him and, prior to the rape, engaged in an awkward conversation. No weapon was used in either of these two attacks, and the victim in each instance was permitted to get dressed afterward and was then driven to her chosen destination.

The third victim detailed very different behavior by her attacker. She testified that she had stopped to give directions to a man who was purportedly lost, was then forced into his car, struck on the head, driven a short distance, forcibly raped and then pushed out of the vehicle. Though no weapon was identified, she indicated that her assailant cut her on the chest with a sharp object while undressing her. This attack took place in midafternoon, while the other two rapes happened at night.

Given these considerable dissimilarities, and the absence of any particularly unusual aspect common to all of the attacks, it cannot be said that the three rapes were accomplished by means of a *modus operandi* sufficiently remarkable as to compel the inference that defendant—whose identity as a participant in the first two encounters is not disputed—is more apt than not to have committed the third (*see, People v Beam*, 57 NY2d 241, 251; *People v Condon*, 26 NY2d 139, 144; *People v Sanza*, 121 AD2d 89, 96-97; *compare, People v Allweiss*, 48 NY2d 40, 47-48; *People v Trama*, 160 AD2d 748, *lv denied* 76 NY2d 867, *lv dismissed* 77 NY2d 1001).

Bearing in mind the abhorrent nature of the charged crimes and the human tendency to more readily believe a person guilty when it is known or suspected that the accused has engaged in similar crimes (*see, People v Molineux*, 168 NY 264, 313), there is great likelihood that the cumulative weight of the proof presented here gravely prejudiced defendant, in that it depicted him as having a propensity to commit forcible rape, and thus improperly swayed the jury to convict on one or more of the counts on this basis alone (*see, People v Shapiro*, 50 NY2d 747, 755-756; *cf., People v Forest*, 50 AD2d 260, 261-262). If the jury believed the first two victims' testimony that they did not agree to engage in intercourse with defendant, it may have considered his commission of those crimes, to the extent that they establish a predisposition to commit rape, as proof that he must have perpetrated the third as well, despite several discrepancies in the third victim's description of the vehicle involved in that crime, and genuine weaknesses in the identification testimony. Conversely, if the jury was persuaded that defendant committed the third attack—which undeniably was not consensual—that finding undoubtedly would have colored its perceptions of the first two incidents, making it more difficult to accept defendant's claims that, on those occasions, intercourse was consensual. In sum, because the evidence is not overwhelming on any of the charges, and the danger of unfair prejudice arising from the consolidation of the two indictments so profound, defendant's right to a fair trial on each indictment was sorely compromised (*see, People v Lane*, 56 NY2d 1, 8; *People v Pinkas*, 156 AD2d 485, 486-487, *lv denied* 75 NY2d 816).

Inasmuch as a new trial must be had on each of the two indictments, there is no need to address defendant's alternate contention that he was deprived of a fair trial on the third count because of the People's delay in turning over certain *Rosario* material.

Mikoll, J. P., Crew III, White and Spain, JJ., concur. Ordered that the judgment is reversed, on the law, and matter remitted to the County Court of Warren County for new trials on each of the two indictments.