■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHANE R. DUNNING, Appellant. [759 NYS2d 416] —Appeal from a judgment of Monroe County Court (Bellini, J.), entered February 4, 2002, convicting defendant after a jury trial of felony driving while intoxicated (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed and the matter is remitted to the Monroe County Court for proceedings pursuant to CPL 460.50 (5).

Memorandum: On appeal from a judgment convicting him after a jury trial of two counts of felony driving while intoxicated (Vehicle and Traffic Law § 1192 [2], [3]; § 1193 [1] [c] [ii]), defendant contends that reversal is required because County Court erred in instructing the jury with respect to the element of "operation" of a motor vehicle. We reject that contention. The test for determining the propriety of a jury instruction is " 'whether the jury, hearing the whole charge, would gather from its language the correct rules which should be applied' "

(*People v Ladd,* 89 NY2d 893, 895 [1996]; *see People v Samuels,* 99 NY2d 20, 25 [2002]). Here, the jury was informed of the intent and conduct requirement of the statute in the language of CJI2d (NY) Vehicle and Traffic Law § 1192 and the charge read as a whole "fairly instructed the jury on the correct principles of law to be applied" in determining whether defendant operated a motor vehicle within the meaning of the statute (*Ladd,* 89 NY2d at 896; *see* § 1192 [2], [3]; *People v Prescott,* 95 NY2d 655, 662 [2001]; *People v Alamo,* 34 NY2d 453, 459 [1974]). Present—Pine, J.P., Wisner, Kehoe, Burns and Gorski, JJ.