■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS OSORIO, Appellant. [764 NYS2d 355] —Judgment, Supreme Court, Bronx County (Barbara Newman, J.), rendered April 29, 1999, convicting defendant, after a jury trial, of burglary in the first and second degrees, robbery in the first and second degrees, unlawful imprisonment in the second degree and two counts of endangering the welfare of a child, and sentencing him to an aggregate term of 20 years, unanimously modified, on the law, to the extent of vacating the conviction of burglary in the second degree and dismissing that count, and otherwise affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Bleakley, 69 NY2d 490 [1987]). There is no basis for disturbing the jury's determinations concerning identification. Defendant's guilt was

established by the testimony of the victim, who recognized him as a person she had seen in her neighborhood on a regular basis for several years, and who identified him as the perpetrator three months later when she saw him on the street.

The court's identification charge was thorough, detailed and balanced, and provided the jury with adequate guidance concerning the factors to be taken into consideration in evaluating identification testimony (*see People v Gonzalez*, 185 AD2d 857, 858-859 [1992], *lv denied* 80 NY2d 1026 [1992]).

Testimony regarding the effects of the crime on the victim's children, who were present during the incident, was highly relevant to the charge of endangering the welfare of a child (*see* Penal Law § 260.10), and was not unduly prejudicial.

As the People concede, defendant's conviction of burglary in the second degree should be dismissed as a lesser included offense of burglary in the first degree.

We have considered and rejected defendant's remaining claims. Concur—Andrias, J.P., Saxe, Sullivan, Rosenberger and Marlow, JJ.