[898 NE2d 21, 869 NYS2d 8]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LIONEL JONES, Appellant.

Argued September 11, 2008; decided October 28, 2008

APPEARANCES OF COUNSEL

*Legal Aid Bureau of Buffalo, Inc.*, Buffalo (*Nicholas T. Texido* and *David C. Schopp* of counsel), for appellant.

*Frank J. Clark, District Attorney*, Buffalo (*Michael J. Hillery* and *J. Michael Marion* of counsel), for respondent.

## OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be affirmed.

■ Defendant Lionel Jones failed to meet his burden of establishing a prima facie case of discrimination pursuant to *Batson v Kentucky* (476 US 79 [1986]). While the party making a *Batson* challenge need not establish a pattern of discrimination to satisfy the step-one burden (*see People v Smocum*, 99 NY2d 418, 421-422 [2003]), "sketchy assertions" and declarations that the prospective juror "indicated no reason why [the juror] could not serve fairly" are, standing alone, generally insufficient to establish a prima facie case of discrimination (*People v Childress*, 81 NY2d 263, 267-268 [1993] [internal quotation marks omitted]). Defense counsel's contentions that the prosecutor's peremptory challenge of an African-American prospective juror must have been based on her race because the challenged juror's answers were "neutral" and "would not give [the prosecutor] any reason to believe that she could [not] be impartial" are exactly the kind of vague and conclusory assertions this Court rejected in *Childress*.

■ Finally, the hearing court's determination that the police possessed founded suspicion of criminality justifying a common-law inquiry, a mixed question of law and fact, is supported by the record (*People v Battaglia*, 86 NY2d 755, 756 [1995]). Accordingly, this Court's review process is exhausted.

Chief Judge KAYE and Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur.

Order affirmed in a memorandum.