■ The People of the State of New York, Respondent, v Letavious McClary, Appellant. [966 NYS2d 222]—

Appeal by the defendant from a judgment of the County Court, Westchester County (Hubert, J.), rendered October 13, 2011, convicting him of criminal possession of a controlled substance in the second degree, criminal possession of a controlled substance in the seventh degree, criminal use of drug paraphernalia in the second degree, and false personation, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, viewing the evidence in the light most favorable to the prosecution (see *People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the chain of custody of certain drugs after they were recovered and vouchered into police custody. The testimony of the police witnesses provided " 'reasonable assurances of the identity and unchanged condition' of the evidence" (*People v Julian*, 41 NY2d 340, 343 [1977], quoting *Amaro v City of New York*, 40 NY2d 30, 35 [1976]).

The County Court providently exercised its discretion in denying the defendant's request for an expanded charge on identification. The County Court's charge on identification was sufficient because the jury, hearing the whole charge, " 'would gather from its language the correct rules which should be applied in arriving at decision' " (*People v Drake*, 7 NY3d 28, 34 [2006], quoting *People v Russell*, 266 NY 147, 153 [1934]).

Since the defendant failed to request a limiting instruction in connection with the admission into evidence of $600 in cash recovered from him upon his arrest, his contention that the County Court erred in failing to give such a limiting instruction is unpreserved for appellate review (see CPL 470.05 [2]), and we decline to reach the issue in the exercise of our interest of justice jurisdiction. Angiolillo, J.P., Chambers, Hall and Roman, JJ., concur.