■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE GONSALEZ, Appellant. [40 NYS3d 542]—

Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Robbins, J.), rendered July 30, 2013, convicting him of aggravated driving while intoxicated in violation of Vehicle and Traffic Law § 1192 (2-a), driving while intoxicated per se in violation of Vehicle and Traffic Law § 1192 (2), and driving while intoxicated in violation of Vehicle and Traffic Law § 1192 (3), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Peck, J.), of that branch of the defendant's omnibus motion which was to suppress the results of a breathalyzer test.

Ordered that the judgment is affirmed.

The defendant's contention that the results of a breathalyzer test should have been suppressed is without merit, as, in the absence of his express refusal to submit to such testing, the police were entitled to rely upon the implied consent provision of Vehicle and Traffic Law § 1194 (2) (a) (1) to obtain a test of the defendant's breath to determine his blood alcohol content (*see People v Kates*, 53 NY2d 591, 595 [1981]; *People v Centerbar*, 80 AD3d 1008, 1009 [2011]; *People v Dombrowski-Bove*, 300 AD2d 1122, 1123 [2002]; *People v Dixon*, 149 AD2d 75, 81 [1989]). Moreover, the police officers' testimony established that the test was administered in accordance with the statute, as the officers had reasonable grounds to believe that the defendant was operating a motor vehicle in violation of Vehicle and Traffic Law § 1192 and the test was administered at a police officer's direction within two hours of the defendant's arrest (*see* Vehicle and Traffic Law § 1194 [2] [a] [1]; *People v Marietta*, 61 AD3d 997, 998 [2009]).

The Supreme Court properly denied the defendant's first and second *Batson* challenges (*see Batson v Kentucky*, 476 US 79 [1986]), because he failed to meet his burden of demonstrating a prima facie case of discrimination (*see People v Hecker*, 15

NY3d 625, 653-655 [2010]; *People v Jones*, 11 NY3d 822, 823 [2008]; *People v Childress*, 81 NY2d 263, 267-268 [1993]; *People v Calas*, 134 AD3d 1043, 1045 [2015]; *People v Santos*, 105 AD3d 1064, 1065 [2013]; *People v Quiles*, 74 AD3d 1241, 1242 [2010]; *People v Severino*, 44 AD3d 1077, 1078 [2007]).

The defendant's third and fourth *Batson* challenges were properly denied because once the prosecutor set forth race-neutral reasons for the peremptory strikes, the defendant failed to meet his burden of establishing that those reasons were pretextual (*see People v Smocum*, 99 NY2d 418, 423-424 [2003]; *People v Boyce*, 118 AD3d 1016, 1017 [2014]; *People v Lemay*, 69 AD3d 757, 758 [2010]; *People v Reid*, 57 AD3d 695, 696 [2008]; *People v Jacobs*, 54 AD3d 969, 969 [2008]). The defendant's contentions that the Supreme Court improperly combined steps two and three of the *Batson* analysis and that the People failed to link the race-neutral reasons for their strikes to the facts of the case were not raised before the Supreme Court and are thus unpreserved for appellate review (*see People v James*, 99 NY2d 264, 272 [2002]; *People v Ross*, 83 AD3d 741, 742 [2011]; *People v Lemay*, 69 AD3d at 758; *People v Reid*, 57 AD3d at 696; *People v Jacobs*, 54 AD3d at 969). In any event, his contentions are without merit (*see People v Hecker*, 15 NY3d at 664; *People v Smocum*, 99 NY2d at 423-424; *People v Ross*, 83 AD3d at 742; *People v Reid*, 57 AD3d at 696; *People v Salinas*, 11 AD3d 566, 567 [2004]).

Reviewing the jury charge as a whole, it fairly instructed the jury on the correct rules to be applied, and the Supreme Court did not improvidently exercise its discretion in declining to instruct the jury pursuant to the expanded charge proposed by the defendant (*see People v Samuels*, 99 NY2d 20, 25-26 [2002]; *People v Page*, 137 AD3d 817 [2016]; *People v McClary*, 107 AD3d 744, 744 [2013]; *People v Arriaga*, 77 AD3d 846, 847 [2010]; *People v Dunlap*, 51 AD3d 943, 944 [2008]; *People v Dunning*, 305 AD2d 1074, 1075 [2003]). Further, the court's rereading of its initial charge on the element of operation was a sufficient and meaningful response to the jury's inquiry (*see People v Santi*, 3 NY3d 234, 249 [2004]; *People v Almodovar*, 62 NY2d 126, 132 [1984]; *People v Malloy*, 55 NY2d 296, 303 [1982]; *People v Kucmierowski*, 103 AD3d 755, 756 [2013]; *People v Ariza*, 77 AD3d 844, 845 [2010]; *People v Mays*, 178 AD2d 557, 557 [1991]). There is no indication in the record that the court misinterpreted the jury's request or that the jury was dissatisfied or confused by the instructions given (*see People v Almodovar*, 62 NY2d at 132; *People v Malloy*, 55 NY2d at 303; *People v Mays*, 178 AD2d at 557).

Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]; *People v Romero*, 7 NY3d 633 [2006]; *People v Bleakley*, 69 NY2d 490 [1987]). Dillon, J.P., Hinds-Radix, Maltese and Barros, JJ., concur.