The People of the State of New York, Respondent, 
against
Vera Kemper, Defendant-Appellant.




Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Stephen Antignani, J.), rendered October 28, 2016, convicting her, upon a plea of guilty, of driving while intoxicated, and imposing sentence.




Per Curiam.
Judgment of conviction (Stephen Antignani, J.), rendered October 28, 2016, affirmed. 
The court properly denied defendant's suppression motion. There is no basis for disturbing the court's credibility determinations, which are supported by the record (see People v Prochilo, 41 NY2d 759, 761 [1977]). The credited police testimony satisfied the elements of a valid vehicle checkpoint stop. The testimony established that the primary purpose of the checkpoint was roadway safety and enforcement of vehicular laws and regulations (see City of Indianapolis v Edmond, 531 US 32, 41 [2000]), that the degree of intrusion on drivers' liberty and privacy interests was minimal (see People v Scott, 63 NY2d 518, 526-527 [1984]), and that the procedure followed, namely stopping every third vehicle and those with identifiable equipment violations, was "uniform and not gratuitous or subject to individually discriminatory selection" (People v Dugan, 57 AD3d 300 [2008], lv denied 11 NY3d 924 [2009], quoting People v Serrano, 233 AD2d 170, 171 [1996], lv denied 89 NY2d 929 [1996]; People v Burton, 8 AD3d 187, 188 [2004], lv denied 3 NY3d 671 [2004]). 
Probable cause for defendant's arrest was established by the arresting officers' testimony that when the vehicle was stopped at the checkpoint, defendant exhibited classic signs of intoxication, such as having watery, bloodshot eyes, a flushed face and the strong odor of alcohol on her breath (see People v Johnson, 140 AD3d 978, 979 [2016], lv denied 28 NY3d 931 [2016]; People v Thomas, 68 AD3d 482, 483 [2009], lv denied 14 NY3d 806 [2010]). Since the testimony established that, at a minimum, the police had reasonable suspicion (see People v De Bour, 40 NY2d 210 [1976]) that defendant had been operating a motor vehicle while under the influence of alcohol, there was a proper basis for the police to detain her to administer the portable breath test (see Vehicle and Traffic Law § 1194[2][a][1]; People v Gonsalez, 144 AD3d 841 [2016], lv denied 28 NY3d 1184 [2017]; People v Tieman, 112 AD3d 975, 976 [2013], lv denied 23 NY3d 1043 [2014]). Contrary to defendant's contention, regardless of whether the People properly authenticated the calibration results, "[t]he reliability of the [breathalyzer] test [*2]results was an issue for trial and was not a proper issue for the suppression hearing" (People v Ayala, 87 AD3d 926 [2011], lv denied 17 NY3d 951 [2011]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur 
Decision Date: November 20, 2019