People v Boyd (2020 NY Slip Op 03342)





People v Boyd


2020 NY Slip Op 03342


Decided on June 12, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., TROUTMAN, WINSLOW, BANNISTER, AND DEJOSEPH, JJ.


546 KA 19-01843

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
NYJEE BOYD, DEFENDANT-APPELLANT. (APPEAL NO. 2.) 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JAMES A. HOBBS OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LISA GRAY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Daniel J. Doyle, J.), rendered July 7, 2015. The judgment convicted defendant, upon a jury verdict, of attempted murder in the second degree, assault in the first degree, criminal use of a firearm in the first degree and criminal possession of a weapon in the second degree (two counts). 
It is hereby ORDERED that said appeal from the judgment insofar as it imposed sentence is dismissed and the judgment is otherwise affirmed.
Memorandum: In appeal No. 2, defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]) and criminal use of a firearm in the first degree (§ 265.09 [1] [a]) and, in appeal No. 1, he appeals from the resentence imposed on that conviction. The case arose from an incident in which defendant shot the victim, who was seated in a vehicle outside a store.
Contrary to defendant's contention in appeal No. 2, we conclude that Supreme Court properly determined that defendant failed to establish a prima facie case of racial discrimination in support of his application pursuant to Batson v Kentucky (476 US 79 [1986]). In order to satisfy his or her burden at step one of the Batson inquiry, a defendant must demonstrate that "the facts and circumstances of the voir dire raise an inference that the other party excused one or more jurors for an impermissible reason" (People v Herrod, 163 AD3d 1462, 1462 [4th Dept 2018] [internal quotation marks omitted]; see People v Smocum, 99 NY2d 418, 421 [2003]). A pattern of strikes made by the prosecutor may give rise to an inference of discrimination (see Batson, 476 US at 97; People v Bolling, 79 NY2d 317, 324 [1992]). The defendant is not required to demonstrate a discriminatory pattern, however (see Herrod, 163 AD3d at 1462). A defendant may instead satisfy his or her step one burden "by demonstrating that members of the cognizable group were excluded while others with the same relevant characteristics were not' or that the People excluded members of the cognizable group who, because of their background and experience, might otherwise be expected to be favorably disposed to the prosecution' " (id., quoting People v Childress, 81 NY2d 263, 267 [1993]).
Here, at step one of the Batson inquiry, defendant failed to establish a prima facie case inasmuch as he offered "the kind of vague and conclusory assertions" that have been repeatedly rejected by the Court of Appeals (People v Jones, 11 NY3d 822, 823 [2008]). Specifically, defense counsel stated that the prospective juror in question was the "only black juror" who had not already been dismissed for cause and there was "no indication" that the juror would be "anything other than fair and impartial to both sides." After considering defendant's argument at step one, the court observed that defendant had failed to demonstrate a discriminatory pattern of strikes and denied his application without prompting the prosecutor to provide a race-neutral reason at step two (see generally People v Bridgeforth, 28 NY3d 567, 571 [2016]). Insofar as the [*2]court based its reasoning on the erroneous notion that a discriminatory pattern of strikes must be shown, that reasoning was flawed (see Herrod, 163 AD3d at 1462). Nevertheless, because defendant failed to establish a prima facie case at step one, the court properly denied his application without further inquiry (see generally People v Smouse, 160 AD3d 1353, 1355 [4th Dept 2018]).
Our dissenting colleague concludes that we have a Concepcion problem (see generally People v Concepcion, 17 NY3d 192, 197-198 [2011]), but we respectfully disagree. Whether a defendant has demonstrated a discriminatory pattern of peremptory strikes goes to the issue of whether that defendant has established a prima facie case at step one of the Batson inquiry (see generally Bolling, 79 NY2d at 324). Because the court relied on that ground in denying the application, Concepcion does not preclude us from affirming the judgment on the same ground, i.e., that defendant failed to establish a prima facie case at step one (see generally People v Patterson, 28 NY3d 544, 549 [2016]). The dissent cites to our decision in People v Pescara (162 AD3d 1772 [4th Dept 2018]), but that case does not compel a different result. Unlike here, the trial court in Pescara based its denial of the defendant's Batson application on the ground that the prosecutor provided a race-neutral reason at step two, and thus Concepcion barred us from affirming on the ground that the defendant failed to establish a prima facie case at step one (id. at 1773-1774).
We agree with defendant that the court erred in refusing to instruct the jury with respect to cross-racial identification. Where, as here, "a witness's identification of the defendant is at issue, and the identifying witness and defendant appear to be of different races, a trial court is required to give, upon request, during final instructions, a jury charge on the cross-race effect" (People v Boone, 30 NY3d 521, 535 [2017]). Nevertheless, we conclude that the error is harmless because the evidence of defendant's guilt is overwhelming and there is no significant probability that defendant would have been acquitted but for the error (see generally People v Crimmins, 36 NY2d 230, 241-242 [1975]). Defendant and the victim were not strangers to one another. Rather, defendant and the victim had been incarcerated together 3½ years earlier. During that time, they had a violent confrontation, which the victim described in detail during his trial testimony. The victim further testified that the shooting occurred when defendant approached the vehicle in which the victim was sitting, asked the victim how he had been, engaged him in conversation, demanded that the victim exit the vehicle, and shot him five times when he refused to do so. Defendant took the witness stand in his own defense, admitting that he was at the scene of the crime and that he recognized the victim. Shown a surveillance video of the crime, defendant identified himself not as the perpetrator of the crime, but as one of the bystanders. In doing so, defendant acknowledged physical differences between himself and the bystander in the video.
Defendant's contention that he was denied a fair trial due to prosecutorial misconduct during summation is not preserved for our review because he failed to object to any of the alleged improprieties (see People v Lewis, 140 AD3d 1593, 1595 [4th Dept 2016], lv denied 28 NY3d 1029 [2016]). We decline to exercise our power to review the contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
In appeal No. 1, we reject defendant's challenge to the legality of the resentence. With respect to the count of criminal use of a firearm in the first degree, the court was required by statute to "impose an additional consecutive sentence of five years to the sentence imposed on" the count of attempted murder in the second degree (Penal Law § 265.09 [2]).
In light of our determination, defendant's remaining contention in both appeals is academic.
All concur except DeJoseph, J., who dissents and votes to hold the case, reserve decision, and remit the matter to Supreme Court, Monroe County, for further proceedings in accordance with the following memorandum: I respectfully dissent. In my view, appeal No. 2 presents a textbook Concepcion problem. Supreme Court denied defendant's Batson application on the sole ground that he had failed to show a discriminatory pattern. Specifically, the court stated: "I have not seen a pattern by either side to try to eliminate ethnic groups. Without that evidence, the Batson challenge would not survive." The record could not be any clearer. Nowhere in the court's explanation of its ruling was defendant's burden mentioned, and it is well [*3]settled that a defendant making a Batson challenge is not required to show a discriminatory pattern in the prosecution's use of peremptory strikes (see People v Herrod, 163 AD3d 1462, 1462 [4th Dept 2018]). The court's ruling was simply wrong and, while the majority acknowledges that, they also suggest that the court found that the defendant did not meet his burden of making a prima facie case at step one of the Batson inquiry, a suggestion that finds no support in the record. In my view, since the court did not deny the Batson application on the ground that defendant failed to meet his initial burden of proof, we are precluded from affirming the judgment on that ground (see People v Pescara, 162 AD3d 1772, 1774 [4th Dept 2018]; see generally People v Concepcion, 17 NY3d 192, 197-198 [2011]). The majority's attempt to distinguish Pescara is unavailing. In Pescara, we "note[d] that the court did not deny the Batson claim on the ground that defendant failed to meet his initial burden of proof, and we are thus precluded from affirming the judgment on that ground" (162 AD3d at 1774). That is precisely the situation here. 
Thus, in appeal No. 2, I vote to hold the case, reserve decision, and remit the matter to Supreme Court to conduct a proper Batson analysis. Inasmuch as the determination on remittal in appeal No. 2 may render academic defendant's appeal from the resentence, I also vote to hold the case and reserve decision in appeal No. 1, pending resolution of appeal No. 2.
Entered: June 12, 2020
Mark W. Bennett
Clerk of the Court