■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY REID, True Name JEFFREY STRAIN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Bourgeois, J.), rendered November 17, 1982, convicting him of attempted murder in the second degree, assault in the second degree (two counts), robbery in the first degree (three counts) and unlawful imprisonment in the first degree (four counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant's challenge to the hearing court's *Wade* ruling is without merit. The record contains insufficient evidence that one of the complaining witnesses, prior to viewing the lineup, had been informed by the investigating officer that one of the alleged perpetrators had been placed therein. Under the totality of the circumstances the lineup identification procedure possessed sufficient indicia of reliability to warrant the admission of testimony concerning it into evidence *(see, Manson v Brathwaite,* 432 US 98, 106; *People v Rodriguez,* 64 NY2d 738; *People v Scott,* 124 AD2d 684, *lv denied* 69 NY2d 833).

We note that the defendant's *pro se* argument that the trial court failed to give an adequate identification charge is unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v McKenzie,* 67 NY2d 695, 697; *People v Cadorette,* 56 NY2d 1007; *People v Reyes,* 127 AD2d 617, *lv denied* 69 NY2d 954). In any event, the identification charge given to the jury properly conveyed the People's burden to prove identification beyond a reasonable doubt and sufficiently detailed the general factors relevant to an evaluation of the accuracy and credibility of the witnesses *(see, People v Whalen,* 59 NY2d 273, 279; *People v Robertson,* 128 AD2d 815, *lv denied* 70 NY2d 754; *People v Daniels,* 88 AD2d 392, 400-401).

We have considered the defendant's remaining contentions, including those raised in his *pro se* supplemental brief, and find them to be either unpreserved for appellate review or without merit. Lawrence, J. P., Rubin, Eiber and Harwood, JJ., concur.