**Anthony REID, Petitioner–Appellant,**

v.

**Daniel A. SENKOWSKI, Superintendent, Clinton Correctional Facility, Respondent–Appellee.**

**No. 548, Docket 91–2195.**

United States Court of Appeals, Second Circuit.

Argued Nov. 19, 1991.

Decided April 9, 1992.

Randolph Z. Volkell, North Merrick, N.Y., for petitioner-appellant.

Catherine A. Donahue, Asst. Dist. Atty., Kings County, Brooklyn, N.Y. (Charles J. Hynes, Dist. Atty., Jay M. Cohen, Asst. Dist. Atty., of counsel), for respondent-appellee.

Before: MESKILL, KEARSE and PIERCE, Circuit Judges.

PER CURIAM:

This is an appeal from a judgment entered in the United States District Court for the Eastern District of New York, Dearie, *J.*, denying petitioner-appellant Anthony Reid's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Reid was convicted in the New York Supreme Court, Kings County, on one count of attempted murder in the second degree in violation of N.Y. Penal Law §§ 110.00, 125.25[1], two counts of assault in the second degree in violation of N.Y. Penal Law § 120.05[2], three counts of robbery in the first degree in violation of N.Y. Penal Law § 160.15[4] and four counts of unlawful imprisonment in the first degree in violation of N.Y. Penal Law § 135.10. The New York Appellate Division affirmed the conviction, *see People v. Reid*, 138 A.D.2d 642, 526 N.Y.S.2d 226 (2d Dep't 1988), and leave to appeal to the New York Court of Appeals was denied, *People v. Reid*, 72 N.Y.2d 865, 532 N.Y.S.2d 515, 528 N.E.2d 905 (1988).

In his petition for a writ of habeas corpus before the district court Reid raised several claims of trial court error. The claims relevant to this appeal included challenges to the trial court's (1) refusal to give the missing witness charge requested by Reid; (2) failure to provide a detailed identification charge; and (3) failure to suppress evidence of identifications of Reid in a pretrial lineup. The district court dismissed the petition and granted a certificate of probable cause. For the reasons set forth below, we affirm.

While we affirm the district court's dismissal of the petition, we disagree with the district court's analysis with regard to the missing witness charge claim. The court below concluded that (1) Reid did not fairly present the constitutional nature of the missing witness charge claim to the state court, and (2) the claim was procedurally barred. We disagree with both of these conclusions. We believe, however, that the district court correctly concluded that Reid's challenge to the trial court's refusal

to provide a requested jury charge regarding identification was procedurally barred and the district court properly rejected Reid's challenge to the constitutionality of the pretrial lineup.

■ In order to satisfy the exhaustion requirement of federal habeas, a petitioner must have "fairly presented" the federal constitutional nature of a claim to the state courts. *Gonzalez v. Sullivan*, 934 F.2d 419, 422 (2d Cir.1991); *Daye v. Attorney General of the State of New York*, 696 F.2d 186, 191 (2d Cir.1982) (in banc). We believe that Reid exhausted his missing witness charge claim. Although Reid's attorney did not present the federal claim to the state appellate division, Reid filed a *pro se* supplemental brief that did present that claim. A supplemental brief, when properly submitted to the state court, puts that court on notice of the constitutional claims addressed in that brief. *See Abdurrahman v. Henderson*, 897 F.2d 71, 73 (2d Cir.1990) (*pro se* supplemental brief fairly presented federal claim to state court).

■ Reid's *pro se* supplemental brief framed the first question on appeal as "[w]hether appellant's right to due process of law was violated by the trial court's refusal" to provide a missing witness jury charge requested by Reid. In the heading to point one, which set forth his argument on the missing witness charge, Reid cited to the Fourteenth Amendment of the United States Constitution. Although we have indicated that "we think it would be better practice for counsel when relying on a broad constitutional doctrine like the Fourteenth Amendment to support the claim with a factual premise and by citation to federal cases" a minimal reference to the Fourteenth Amendment satisfies the exhaustion requirement. *Gonzalez*, 934 F.2d at 423; *see Daye*, 696 F.2d at 192 ("if the petitioner has cited the state courts to the specific provision of the Constitution relied on in his habeas petition, he will have fairly presented his legal basis to the state courts"). Accordingly, we conclude that Reid fairly presented to the state courts the constitutional nature of his challenge to the trial court's refusal to provide a missing witness charge. *See Gonzalez*, 934 F.2d at 422–23.

■ The district court also ruled that Reid's missing witness claim was procedurally barred. We disagree.

■ If a state court rests its judgment on an adequate and independent state ground, including a state procedural bar, we are precluded from reviewing the claim on federal habeas unless the petitioner shows "cause for the default and prejudice resulting therefrom." *Gonzalez*, 934 F.2d at 421; *see Harris v. Reed*, 489 U.S. 255, 262–63, 109 S.Ct. 1038, 1043, 103 L.Ed.2d 308 (1989). However, "a procedural default does not bar consideration of a federal claim on ... habeas review unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on a state procedural bar." *Harris*, 489 U.S. at 263, 109 S.Ct. at 1043 (citations omitted).

The state appellate court summarily disposed of a number of Reid's challenges to his conviction, including the missing witness charge claim, as "either unpreserved for appellate review or without merit." *People v. Reid*, 138 A.D.2d at 643, 526 N.Y.S.2d at 227. The state court did not clearly and expressly state whether it had examined the merits of the missing witness claim or had relied on a procedural default. Therefore, the missing witness claim is properly subject to federal habeas corpus review. Because it is clear from the record that this claim has no merit we will decide it rather than remand it to the district court. *Cf. Granberry v. Greer*, 481 U.S. 129, 134, 107 S.Ct. 1671, 1675, 95 L.Ed.2d 119 (1987) ("The court [of appeals] should determine whether the interests of comity and federalism will be better served by addressing the merits forthwith or by requiring a series of additional state and district court proceedings before reviewing the merits of the petitioner's claim.").

■ "Whether a missing witness charge should be given lies in the sound discretion of the trial court." *United States v. Torres*, 845 F.2d 1165, 1170–71 (2d Cir. 1988) (citations omitted); *see also United States v. Saa*, 859 F.2d 1067, 1076 (2d Cir.1988), *cert. denied*, 489 U.S. 1089, 109 S.Ct. 1555, 103 L.Ed.2d 858 (1989). Reid

argues that the trial court abused its discretion in determining that the missing witnesses were not sufficiently within the control of the government to justify providing a missing witness charge. We disagree.

The government introduced evidence at a hearing of its diligent efforts to locate the witnesses. Because such efforts were unsuccessful, the witnesses were not available to the government. Accordingly, the trial court's exercise of discretion in denying Reid a missing witness charge did not deprive Reid of his constitutional right to a fair trial. *See People v. Gonzalez*, 68 N.Y.2d 424, 428, 509 N.Y.S.2d 796, 799–800, 502 N.E.2d 583, 586–87 (1986) ("[I]f the party opposing the charge can demonstrate ... that the witness' whereabouts are unknown and that diligent efforts to locate him have been unsuccessful ... the charge should not be given.") (citations omitted).

■ Reid also contends that the trial court should have granted his request for a specific jury charge regarding identification. The state appellate court clearly and expressly rested its denial of Reid's identification charge claim on an adequate and independent state ground. The court stated: "We note that the defendant's *pro se* argument that the trial court failed to give an adequate identification charge is unpreserved for appellate review." *People v. Reid*, 138 A.D.2d at 643, 526 N.Y.S.2d at 226. Therefore, the district court correctly determined that this claim is procedurally barred.

■ Finally Reid contends that the pretrial lineup was unconstitutionally suggestive and unreliable in part because only two participants in the lineup wore goatees. We decline to address this argument. "This issue was not presented to the District Court in the habeas corpus petition and thus is not reviewable here." *Correa v. Thornburgh*, 901 F.2d 1166, 1174 (2d Cir.1990) (citations omitted); *see also Terry v. LeFevre*, 862 F.2d 409, 413 (2d Cir.1988) ("Because [petitioner] failed to make this argument in the district court, we need not consider it on this appeal."). Reid's other argument regarding the unreliability of the identifications was raised below. After reviewing the record, we conclude that it is without merit.

"[W]e are free. to affirm an appealed decision on any ground which finds support in the record, regardless of the ground upon which the trial court relied." *Leecan v. Lopes*, 893 F.2d 1434, 1439 (2d Cir.) (citations omitted), *cert. denied*, 496 U.S. 929, 110 S.Ct. 2627, 110 L.Ed.2d 647 (1990). Therefore, we affirm the dismissal of Reid's petition—despite error on the part of the district court as to the procedural bar to the missing witness charge claim—because we conclude that it is entirely without merit, and the district court's ruling did not affect the ultimate disposition of this case.

The judgment of the district court dismissing the petition for a writ of habeas corpus is affirmed.