99 F.3d 401
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
George VILLANUEVA, Petitioner-Appellant,
v.
SUPERINTENDENT, GREEN HAVEN CORRECTIONAL FACILITY,
Respondent-Appellee.
 No. 95-2055.
 United States Court of Appeals, Second Circuit.
 Dec. 15, 1995.
 
 Randolph Z. Volkell, Esq., North Bellmore, NY, for Appellant.
 Gail B. Rubenfeld, Assistant District Attorney, Bronx County, Bronx, NY, for Appellee.
 S.D.N.Y.
 AFFIRMED.
 Before CARDAMONE, WALKER and PARKER, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York and was argued.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby AFFIRMED.
 
 
 3
 Petitioner-Appellant was convicted in New York state court of murder in the second degree and attempted murder in the second degree following a trial in absentia. The Appellate Division affirmed the conviction without opinion, People v. Villanueva, 516 N.Y.S.2d 899 (1st Dept.1987), and Petitioner-Appellant's application for leave to appeal was denied, People v. Villanueva, 70 N.Y.2d 756 (1987). Petitioner-Appellant subsequently filed a petition for a writ of habeas corpus in the district court. He appeals from the denial of that petition.
 
 
 4
 On appeal, Petitioner-Appellant alleges that his trial in absentia violated his rights pursuant to the Confrontation Clause of the Sixth Amendment and the Due Process Clause of the Fifth Amendment, as applied to the states by the Fourteenth Amendment. Respondent-Appellee argues that Petitioner-Appellant failed to adequately exhaust his state remedies because he did not present the substance of his federal claim to the state courts and therefore his petition for habeas relief should have been dismissed. In the alternative, Respondent-Appellee argues that the claim should be deemed exhausted, but forfeited for federal habeas review. Respondent-Appellee also argues that Petitioner-Appellant waived his constitutional right to be present at trial by voluntarily and knowingly absenting himself from the proceedings.
 
 
 5
 We review de novo the district judge's finding that Petitioner-Appellant adequately exhausted his state remedies, and affirm. Petitioner-Appellant properly raised his federal claim in his supplemental memorandum of law, which was filed pro se, in the Appellate Division of the New York Supreme Court. See Reid v. Senkowski, 961 F.2d 374, 376 (2d Cir.1992) (finding that "to satisfy the exhaustion requirement of federal habeas, a petitioner must have 'fairly presented' the federal constitutional nature of a claim to the state courts" and that such presentation may be accomplished by way of a pro se supplemental brief). Petitioner-Appellant cited the Sixth Amendment to the United States Constitution and referred to Supreme Court case law in support of his argument that he was improperly tried in absentia. Furthermore, we agree with the district judge that the claim that one should not be tried in absentia necessarily invokes concepts of due process under the Constitution, and therefore the state court can be held to have been on notice of this claim. We also note that pro se pleadings are to be given liberal construction. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam).
 
 
 6
 We review for abuse of discretion the trial judge's decision to try Petitioner-Appellant in absentia, United States v. Mackey, 915 F.2d 69, 72 (2d Cir.1990), and affirm. Prior to trial, the trial judge warned Petitioner-Appellant that failure to appear in court on any date on which a hearing or trial was scheduled would result in: (1) forfeiture of bail; (2) issuance of a bench warrant for arrest; and (3) upon a finding that such absence was willful, a hearing and/or trial in absentia. Petitioner-Appellant did appear in court on the morning on which a hearing (which was to be followed immediately by a trial) was scheduled. He remained in the courtroom, where plea negotiations were being conducted, until approximately noon. He then requested an adjournment until 2 p.m. The trial judge denied this request but granted Petitioner-Appellant's request to speak to his mother, who was present in the courtroom. The trial judge did, however, instruct Petitioner-Appellant not to leave the courtroom. Notwithstanding this instruction, Petitioner-Appellant left the courtroom. The court proceeded with the pre-trial evidentiary hearing but adjourned the trial to the next day. When Petitioner-Appellant failed to appear the next day, the trial court commenced a trial in absentia.
 
 
 7
 It is well-settled that under certain circumstances, a criminal defendant may waive his right to be present at trial, Diaz v. United States, 223 U.S. 442, 455-59 (1912), and that such waiver may be implied from defendant's conduct, United States v. Mackey, 915 F.2d 69, 72 (2d Cir.1990). However, waiver must be both knowing and voluntary. United States v. Tortora, 464 F.2d 1202, 1208 (2d Cir.), cert. denied 409 U.S. 1063 (1972). Because Petitioner-Appellant received notice that his trial would proceed in absentia if he failed to appear, and because he did appear for a portion of the proceedings against him but fled for the rest, we are unable to conclude that the district judge abused his discretion in not holding a further hearing and in finding that Petitioner-Appellant knowingly and voluntarily waived his right to be present at trial.
 
 
 8
 We have previously stated that a valid waiver will not automatically lead to a trial in absentia; rather, a trial in absentia will only take place where there is a controlling public interest in conducting such a trial. See United States v. Sanchez 790 F.2d 245, 250 (2d Cir.), cert. denied 479 U.S. 989 (1986); United States v. Tortora, 464 F.2d 1202, 1210 (2d Cir.1972). We are unable to conclude that the district judge abused his discretion in finding that the public interest in proceeding to trial in Petitioner-Appellant's absence clearly outweighed the interest of Petitioner-Appellant in being present at trial.
 
 
 9
 Accordingly, we affirm the judgment of the district court.