101 F.3d 107
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Duquiero HIGITA, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-2576.
 United States Court of Appeals, Second Circuit.
 March 4, 1996.
 
 Appearing for Appellant: Duquiero Higita, pro se, Loretto, Pennsylvania.
 Appearing for Appellee: Alexander Rebay, Assistant United States Attorney for the Southern District of New York, New York, New York.
 S.D.N.Y.
 AFFIRMED.
 Before J. DANIEL MAHONEY, JOHN M. WALKER and GUIDO CALABRESI, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York and was taken on submission.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the order of the District Court be and it hereby is AFFIRMED.
 
 
 3
 1. Petitioner-appellant Duquiero Higita appeals pro se from an order entered July 21, 1995 in the United States District Court for the Southern District of New York that denied his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255. Higita had previously pled guilty to one count of possessing with intent to distribute heroin in violation of 21 U.S.C. § 841(b)(1)(B). Higita was sentenced to the statutory minimum term of sixty months imprisonment, to be followed by a five-year term of supervised release, pursuant to a plea agreement which provided that "neither party will appeal a sentence by the Court of 60 months." Higita did not appeal his sentence or conviction, and is currently serving his sentence.
 
 
 4
 2. Higita contends that he was denied effective assistance of counsel. Higita did not present this claim to the district court, and we will not review claims of a habeas petitioner that are raised for the first time on appeal. See Reid v. Senkowski, 961 F.2d 374, 377 (2d Cir.1992); Correa v. Thornburgh, 901 F.2d 1166, 1174 (2d Cir.1990).
 
 
 5
 3. Higita also contends that he should have received a downward departure at sentencing. Higita did not raise this claim on direct appeal, and is therefore barred from raising it in a § 2255 proceeding unless he can establish cause for his procedural default and actual prejudice resulting therefrom. Campino v. United States, 968 F.2d 187, 190 (2d Cir.1992). Because Higita received the minimum sentence allowable by statute, he has failed to establish prejudice, and his claim is barred.