**Ricky MARTIN, Petitioner–Appellant,**

v.

**David H. MILLER, Respondent–Appellee.**

Docket No. 02–2458.

United States Court of Appeals, Second Circuit.

March 28, 2003.

Howard M. Simms, New York, NY, for Appellant.

Leonard Joblove, Assistant District Attorney, for Charles J. Hynes, District Attorney, Kings County, (Ann Bordley, Assistant District Attorney, on the brief), for Appellee.

Present: McLAUGHLIN, B.D. PARKER, Jr., and RAGGI, Circuit Judges.

## SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court be and it hereby is AFFIRMED.

Petitioner-appellant Ricky Martin appeals the denial by the United States District Court for the Eastern District of New York (Weinstein, *J.*) of his petition for habeas corpus pursuant to 28 U.S.C. § 2254. The district court granted a certificate of appealability on the issue of whether petitioner had been denied information about an alleged "deal" between the State and a key prosecution witness. We do not reach the merits of the appeal because we conclude that the petition was untimely.

Although the district court did not rest its decision, nor issue a certificate of appealability, on the ground that the petition was untimely, we may affirm " 'on any ground which finds support in the record.' " *Garcia v. Lewis*, 188 F.3d 71, 75 n. 2 (2d Cir.1999) (quoting *Reid v. Senkowski*, 961 F.2d 374, 378 (2d Cir.1992)). The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposed a one-year statute of limitations on the filing of federal habeas petitions. 28 U.S.C. § 2244(d)(1). When a prisoner's judgment of conviction became final before the enactment of AEDPA on April 24, 1996, he or she is entitled to one year from this date in which to file the petition. *See Ross v. Artuz*, 150 F.3d 97 (2d Cir.1998). This one-year period is tolled during the pendency of a properly-filed application in state court for post-conviction or other collateral relief. *See* 28 U.S.C. § 2244(d)(2); *Duncan v. Walker*, 533 U.S. 167, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001). In this case, petitioner's judgment of conviction became final well before the enactment of AEDPA. The instant petition was not filed until June 19, 2001, which is 1,882 days from the commencement of the applicable limitations period. Although the statute of limitations was tolled during a portion of this period while petitioner pursued various relief in state court, after review, we agree with respondent that even under the most generous application of statutory and equitable tolling rules, the instant petition is untimely.

We have considered all of petitioner's contentions and find them to lack merit.

The judgment of the District Court is AFFIRMED.