SUMMARY ORDER

Appellant Victor Peralta, pro se, appeals the district court’s grant of summary judgment dismissing his claims of discrimination and retaliation under Title VII. We assume the parties’ familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.
We review a district court’s order granting summary judgment de novo, and ask whether the court properly concluded that there were no genuine issues of material fact and that the moving party was entitled to judgment as a matter of law. See Miller v. Wolpoff & Abramson, L.L.P., 321 F.3d 292, 300 (2d Cir.2003). “We are free to affirm an appealed decision on any ground which finds support in the record, regardless of the ground upon which the trial court relied.” Reid v. Senkowski, 961 F.2d 374, 378 (2d Cir.1992) (internal quotation marks and brackets omitted).
Before bringing suit in federal court under Title VII, a private plaintiff must file timely administrative charges with the Equal Employment Opportunity Commission (“EEOC”) and receive a right-to-sue letter. See McPherson v. New York City Dep’t of Educ., 457 F.3d 211, 213-14 (2d Cir.2006); see also 42 U.S.C. § 2000e-5(f)(1). “[A] right-to-sue letter enables a private suit only if it is issued in connection with an administrative charge that is timely filed.” McPherson, 457 F.3d at 214. When, as here, a claimant has already filed a charge with a state equal employment agency, Title VII requires that an EEOC charge be filed within 300 days of the alleged discriminatory action. See 42 U.S.C. § 2000e-5(e)(l); Van Zant v. KLM Royal Dutch Airlines, 80 F.3d 708, 712 (2d Cir.1996). We have held that a complaint was time-barred where an employee withdrew a timely-filed charge with the EEOC and then filed a second, untimely charge, in connection with which a right-to-sue letter was issued. See McPherson, 457 F.3d at 214.
Here, the district court properly granted the Appellee’s motion for summary judgment. Peralta filed a timely charge with the EEOC in September 2001. However, he withdrew that charge shortly thereafter and did not receive a right-to-sue letter from the EEOC in relation to his September 2001 charge. In December 2002, more than 300 days after Peralta was terminated, he filed a second charge with the EEOC, which was untimely. The EEOC then issued a right-to-sue letter in connection with Peralta’s December 2002 chai-ge. Peralta has not made any argument with regard to the timeliness of his administrative charge, nor has he argued, either below or in this Court, that he should be entitled to equitable estoppel on the basis of Rockefeller’s conduct. Accordingly, Peralta’s complaint was time-barred because he did not me'et the requirements for bringing suit in district court. See McPherson, 457 F.3d at 214.
To the extent Peralta alleges that the district court was biased, this argument is unavailing because Peralta did not point to any extrajudicial conduct on the part of the district court judge. See In re Int’l Bus. Mach. Corp., 618 F.2d 923, 927 (2d Cir.1980) (bias must stem from “extrajudicial” conduct).
*719 For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.