Justin HOLMES, Richard Partington
III, Plaintiffs–Appellants,

v.

Steven G. POSKANZER, Jonathan Ras-
kin, L. David Rooney, and Paul Zuck-
erman, Defendants–Appellees.

No. 08–14750–cv.

United States Court of Appeals,
Second Circuit.

July 21, 2009.

**652**

Justin Holmes, pro se, Binghamton, N.Y.; Richard Partington III, pro se, Southampton, N.Y., for Appellants.

Zainab A. Chaudhry, Assistant Solicitor General (Andrea Oser, Deputy Solicitor General and Barbara D. Underwood, Solicitor General, on the brief), for Andrew M. Cuomo, Attorney General of the State of New York, Albany, NY, for Appellees.

PRESENT: JOSEPH M. McLAUGHLIN, ROSEMARY S. POOLER and RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Appellants Justin Holmes and Richard Partington, III, proceeding *pro se,* appeal the district court's judgment dismissing their complaint brought pursuant to 42 U.S.C. § 1983. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.,* 282 F.3d 147, 152 (2d Cir.2002) (quotation marks omitted). The complaint includes any statements or documents incorporated in it by reference, and even "where a document is not incorporated by reference, the court may nevertheless consider it where the complaint relies heavily upon its terms and effect, which renders the document integral to the complaint." *Id.* at 152–53 (quotation marks omitted). We also review *de novo* a district court's decision adjudicating a motion to dismiss based on qualified immunity, and " 'the plaintiff is entitled to all reasonable inferences from the facts alleged, not only those that support his claim, but also those that defeat the immunity defense.' " *See Benzman v. Whitman,* 523 F.3d 119, 125 (2d Cir.2008) (quoting *McKenna v. Wright,* 386 F.3d 432, 436 (2d Cir.2004)). "We are free to affirm an appealed decision on any ground which finds support in the record, regardless of the ground upon which the trial court relied." *Reid v. Senkowski,* 961 F.2d 374, 378 (2d Cir.1992) (quotation marks omitted).

**Due Process Claims**

As a preliminary matter, the Plaintiffs do not challenge the district court's finding that the Defendants are entitled to qualified immunity on their due process claims concerning the right to have their counsel present and to cross-examine witnesses, and, as such, they have waived those

claims. *See LoSacco v. City of Middletown,* 71 F.3d 88, 92–93 (2d Cir.1995) (claims not raised on appeal are deemed waived).

■ A fundamental requirement of due process in the school disciplinary context is that a hearing be held before an impartial decision maker. *See Winnick v. Manning,* 460 F.2d 545, 548 (2d Cir.1972). Here, the Plaintiffs have not alleged any facts to support actual bias, conflict of interest, or prior involvement by any of the Defendants who participated in the disciplinary hearing process, and thus, their bald assertion that Appellees Paul Zuckerman and Jonathan Raskin were not impartial is insufficient to state a claim. *See Ashcroft v. Iqbal,* —— U.S. ——, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007))).

■ To the extent the Plaintiffs assert that the disciplinary committee deviated from the proper regulations, their conclusory allegations fail to support a plausible inference that the proceedings were unfair. *Winnick,* 460 F.2d at 550 (holding that university's deviations from procedural guidelines "did not rise to constitutional proportions," particularly where they were minor deviations and did not affect the fundamental fairness of the hearing). Accordingly, the district court properly dismissed the Plaintiffs' due process claims.

**First Amendment Claims**

To state a claim for First Amendment retaliation under § 1983, a plaintiff must allege: "(1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected speech and the adverse action." *Gill v. Pidlypchak,* 389 F.3d 379, 380 (2d Cir.2004) (quotation marks omitted). Regardless of any retaliatory motive, the plaintiff cannot prevail if a defendant can show he or she would have taken the same action even in the absence of the allegedly improper reason. *See Lowrance v. Achtyl,* 20 F.3d 529, 534–35 (2d Cir.1994).

■ Here, the district court properly dismissed the Plaintiffs' First Amendment claims. The Plaintiffs did not allege that any of the named defendants personally interfered with the student elections, claiming that only Corinna Caracci and the director of athletics, non-parties, intervened and thus, there was no personal involvement of any of the defendants to interfere with the elections. *See Wright v. Smith,* 21 F.3d 496, 501 (2d Cir.1994) (state officials may only be held liable if a plaintiff can show that the defendant was personally involved in the purported unlawful conduct or alleged constitutional deprivation).

■ With respect to the claim that the disciplinary charges were brought in retaliation for protected speech, the Plaintiffs allege only that Caracci filed the disciplinary charges. Moreover, taking judicial notice of the criminal proceedings against the Plaintiffs, Holmes was convicted of harassment for the conduct at issue, and, although Partington was found not guilty, the court specifically found that his conduct would "no doubt subject him to disciplinary action by the school." Thus, the Plaintiffs cannot show that retaliation was the but-for cause of the discharge. *See Lowrance,* 20 F.3d at 534–35.

To the extent the Plaintiffs argue that they should have been allowed to amend their complaint, this argument is unavailing. The Plaintiffs were represented by

counsel below and never moved to amend their complaint, and, as such, cannot raise the argument for the first time on appeal. *See Allianz Ins. Co. v. Lerner,* 416 F.3d 109, 114 (2d Cir.2005) ("It is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal." (quotation marks omitted)).

For the foregoing reasons, the judgment of the district court is hereby **AF-FIRMED.**