**CAMERON INDUSTRIES, INC.,**
**Plaintiff–Appellant,**

v.

**MOTHER'S WORK, INC., also known as Motherhood Maternity,**
**Defendant–Appellee.**

**No. 08–2144–cv.**

United States Court of Appeals,
Second Circuit.

July 22, 2009.

70

---

Jed R. Schlacter, Schlacter & Associates, New York, NY, for Appellant.

Tamar Y. Duvdevani, Nixon Peabody LLP, New York, NY, for Appellee.

PRESENT: GUIDO CALABRESI, ROBERT D. SACK and RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

The plaintiff appeals from the district court's order granting summary judgment to the defendant. We assume the parties' familiarity with the facts and procedural history of the case, and the issues on appeal.

We review a district court's grant of summary judgment *de novo*. *Holcomb v. Iona Coll.*, 521 F.3d 130, 137 (2d Cir.2008). When reviewing a decision deciding a copyright issue, we review the district court's conclusions regarding substantial similarity *de novo*. *Knitwaves, Inc. v. Lollytogs Ltd.*, 71 F.3d 996, 1002 (2d Cir. 1995).

The only issue on appeal is whether the defendant's fabric design is substantially similar to the plaintiff's copyrighted fabric design. "In most cases, the test for substantial similarity is the so-called ordinary observer test . . .: whether an average lay observer would recognize the alleged copy as having been appropriated from the copyrighted work." *Id.* (brackets and internal quotation marks omitted). When a product contains both protectable and unprotectable elements, we have applied a "more discerning ordinary observer test," *id.* at 1003 (internal quotation marks omitted), in which we attempt to isolate the protectable, " 'artistic' aspects of a work" from the elements that are not protectable, *Fisher–Price, Inc. v. Well–Made Toy Mfg. Corp.*, 25 F.3d 119, 123 (2d Cir.1994). We have declined, however, to "dissect [designs] into their separate components[ ] and compare only those elements which are in themselves copyrightable," noting that taking this approach to its logical conclusion could lead to a decision that "there can be no originality in a painting because all colors of paint have been used somewhere in the past." *Knitwaves*, 71 F.3d at 1003 (internal quotation marks omitted).

The district court's opinion may not have been consistent with this principle in asserting that the copyright protection for the defendant's design was "thin" because

its design involves items that are in the public domain—circles and squares. The design at issue, though based on standard geometric forms, is abstract and artistic. We do not find it analogous, as the district court did, to the telephone directory that was at issue in *Feist Publications, Inc. v. Rural Telephone Service Co.,* 499 U.S. 340, 111 S.Ct. 1282, 113 L.Ed.2d 358 (1991). Having reviewed the patterns in question, however, we do agree with the district court's conclusion that the plaintiff's and the defendant's designs are not substantially similar. *Cf. Reid v. Senkowski,* 961 F.2d 374, 378 (2d Cir.1992) ("[W]e are free to affirm an appealed decision on any ground which finds support in the record, regardless of the ground upon which the trial court relied." (internal quotation marks omitted)).

We have stated that substantial similarity will be found between textile patterns when "slight differences between the two patterns fade away when they are viewed from a distance." *Hamil Am. Inc. v. GFI,* 193 F.3d 92, 102 (2d Cir.1999); *see also Peter Pan Fabrics, Inc. v. Martin Weiner Corp.,* 274 F.2d 487, 489 (2d Cir.1960) ("[T]he ordinary observer, unless he set out to detect the disparities, would be disposed to overlook them, and regard their aesthetic appeal as the same."). We do not find the differences between the fabrics to be "slight." Cameron's design is larger and more orderly, presenting rows of shapes rather than a jumble of shapes. There are other differences, carefully described by the district court.

Cameron suggests that we should not take the dimensions of the designs into account. Indeed, it supplied the Court with comparable garments, one made of the defendant's fabric and one made of its own fabric, except the latter was reduced to a scale substantially below that in which it was in fact produced to match the scale of the defendant's. In the case before us, in light of the differences in design, we would find an absence of substantial similarity even were the scale of the fabrics identical and therefore need not address Cameron's contention. We note in passing, however, that size is one factor that we have indeed considered in comparing designs in appropriate cases. *See Novelty Textile Mills, Inc. v. Joan Fabrics Corp.,* 558 F.2d 1090, 1093 n. 5 (2d Cir.1977) ("Both fabrics use brown and camel or beige on a light-colored background to form a plaid design consisting of intersecting diamonds with an interior dimension of approximately four inches.... When the Joan Fleetwood Spice fabric is placed over a portion of the Novelty fabric, the design, dimensions and colors match-up...."). And difference in scale may be especially important when dealing with cases that address similar but subtly distinct patterns or that address the use, in essentially original ways, of items that are in the public domain.

For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.