08-2466-cv
Miller v. Kempthorne

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of December, two thousand nine.

PRESENT:  ROGER J. MINER,
          REENA RAGGI,
          PETER W. HALL,
                    *Circuit Judges.*

-------------------------------------------------------------------
WILLIAM R. MILLER,

                    *Plaintiff-Appellant*,

          v.                                            No. 08-2466-cv

DIRK KEMPTHORNE, SECRETARY OF THE U.S.
DEPARTMENT OF THE INTERIOR,

                    *Defendant-Appellee*.
-------------------------------------------------------------------

FOR APPELLANT:              WILLIAM R. MILLER, *pro se*, Brooklyn, New York.

APPEARING FOR APPELLEE:     MARGARET KOLBE, Assistant United States Attorney (Seth D. Eichenholtz, Assistant United States Attorney, *on the brief*), *for* Benton J. Campbell, United States Attorney for the Eastern District of New York, Brooklyn, New York.

Appeal from the United States District Court for the Eastern District of New York (Carol B. Amon, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the district court's March 31, 2008 judgment and its April 28, 2008 order are AFFIRMED.

Plaintiff William Miller, pro se, appeals from a March 31, 2008 judgment of the district court granting defendant's motion for summary judgment on Miller's claims alleging race, disability, and age discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq., the Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq., and the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 et seq., respectively. Miller also appeals from an April 28, 2008 order denying his subsequent motion for reconsideration. We review a district court's grant of summary judgment de novo, see Dillon v. Morano, 497 F.3d 247, 251 (2d Cir. 2007), and its denial of a motion for reconsideration for abuse of discretion, see Barcia v. Sitkin, 367 F.3d 87, 99 (2d Cir. 2004). In doing so, we assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only to the extent necessary to explain our decision to affirm.

1.  Motion for Summary Judgment

We affirm the district court's grant of summary judgment in defendant's favor substantially for the reasons stated in the district court's thorough and well-reasoned opinion. We write only to consider the impact of the Lilly Ledbetter Fair Pay Act of 2009 (the

"Ledbetter Act"), Pub. L. No. 111-2 § 3(A), 123 Stat. 5, on the district court's dismissal on timeliness grounds of Miller's claims that (1) "he was not originally hired by the [United States Department of the Interior ("DOI")] as a permanent employee in 1994"; (2) "he was not converted to a permanent employee until 1999"; (3) "when he was converted to permanent employee status in 1999, he was improperly made Wage Grade 2 instead of Wage Grade 5"; and (4) deducting an improper amount from his paychecks "to account for his annuity was discriminatory since the administrative error that caused subsequent deductions occurred on December 29, 1999." Miller v. Norton, No. 04 Civ. 3223, 2008 WL 905830, at *4,[8] (E.D.N.Y. Mar. 31, 2008). Although the Ledbetter Act now renders plaintiff's third dismissed claim timely, defendant is nevertheless entitled to summary judgment.

Prior to bringing an action in the district court under Title VII, the Rehabilitation Act, or the ADEA, Smith was required to exhaust his claims in accordance with the regulations promulgated by the Equal Employment Opportunity Commission ("EEOC").[1] See Bruce v. United States Dep't of Justice, 314 F.3d 71, 74 (2d Cir. 2002); Briones v. Runyon, 101 F.3d 287, 289-90 (2d Cir. 1996); Wrenn v. Sec'y, Dep't of Veterans Affairs, 918 F.2d 1073, 1078 (2d Cir. 1990). Those regulations require aggrieved persons to "initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory." 29 C.F.R. § 1614.105(a). Although Miller argued in the district court that "each paycheck [he] received

---

[1] While an aggrieved employee may proceed directly to federal court on an ADEA claim, Miller became obligated to exhaust his administrative remedies when he decided to commence proceedings with the EEOC. See Wrenn v. Sec'y, Dep't of Veterans Affairs, 918 F.2d 1073, 1078 (2d Cir. 1990).

within the statute of limitations period [was] actionable, even if it stem[med] from the fact that his pay was improperly set at a time occurring outside of the statute of limitations," Miller v. Norton, 2008 WL 905830, at *3 (internal quotation marks omitted), the district court concluded that this argument was foreclosed by the Supreme Court's decision in Ledbetter v. Goodyear Tire & Rubber Co., 550 U.S. 618 (2007).

It is beyond cavil that the district court properly applied Ledbetter at the time of its decision. Congress's passage of the Ledbetter Act, however, subsequently altered the timeliness requirements governing employment discrimination claims under Title VII, the Rehabilitation Act, and the ADEA. Under the Ledbetter Act, which applies retroactively to discrimination claims pending on or after May 28, 2007, and thus covers Miller's claims, see 123 Stat. at 7, an unlawful employment practice occurs, inter alia, "when an individual is affected by application of a discriminatory compensation decision or other practice, including each time wages, benefits, or other compensation is paid, resulting in whole or in part from such a decision or other practice," id. at 5-6. Even with the benefit of the Ledbetter Act, neither the claim that DOI failed to hire Miller as a permanent employee, nor the claim that DOI failed to convert him to a permanent employee until December 4, 1999, is timely. The only claim rendered timely by the Act is Miller's claim that he was classified and paid as a Wage Grade 2, rather than a Wage Grade 5, employee at the time he became a permanent employee.[2] We nevertheless conclude that defendant is entitled to summary judgment even

---

[2] We need not consider whether Miller's claim regarding inappropriate deductions from his pay would be timely. There is no dispute that the errors cited by Miller were

4

on such a timely claim.

Reading Miller's arguments broadly, we discern two bases for discrimination regarding his wage classification and pay. First, Miller alleges wage discrimination as retaliation for his assistance to another employee in filing her sexual harassment EEOC complaint around 1998.[3] Second, he alleges wage discrimination on the basis of his age and disability. Both of Miller's claims, however, ultimately fail because there is <u>no</u> evidence in the record indicating that the alleged wage discrimination has any connection either to Miller's having assisted his fellow employee in asserting her complaint or to his own age or disability.

"The causal connection needed for proof of a retaliation claim can be established indirectly by showing that the protected activity was closely followed in time by the adverse action." <u>Cifra v. Gen. Elec. Co.</u>, 252 F.3d 205, 217 (2d Cir. 2001) (internal quotation marks omitted). However, the basis for retaliation here, which allegedly occurred over a year before Miller's date of hire, is too remote to support an inference of discrimination. Though this Court has never established a temporal bright line beyond which an adverse employment action cannot qualify as retaliatory, <u>Gorman-Bakos v. Cornell Co-op Extension of Schenectady</u>, 252 F.3d 545, 554 (2d Cir. 2001), the one-year time frame here falls well

corrected and that any funds improperly withheld were refunded. For this reason, the claim is moot.

[3] Although the district court concluded that Miller waived his right to pursue a retaliation claim because his counsel stated at oral argument that "no Title VII race discrimination or retaliation claim was being asserted," <u>Miller v. Norton</u>, 2008 WL 905830, at *7, we assume <u>arguendo</u> that Miller has not waived this claim.

beyond that contemplated by this Court as giving rise to such an inference, see, e.g., Hollander v. Am. Cyanamid Co., 895 F.2d 80, 85-86 (2d Cir. 1990) (holding that the "lack of evidence demonstrating a causal nexus between Hollander's age discrimination complaint and any subsequent action taken towards him" precluded his claim where the only evidence of causation was a three-and-a-half-month lapse between complaint and adverse action). The claim for retaliatory wage discrimination thus fails to show any causal connection between the protected activity and the adverse employment action.

Miller's allegation of wage discrimination as a result of his membership in a protected class – i.e., one based on age or disability – fails because he has not made a showing that could give rise to an inference of discrimination on the basis of his age or health. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973); Graham v. Long Island R.R., 230 F.3d 34, 38 (2d Cir. 2000). Miller alleges that his supervisor made a discriminatory remark, telling him that he "should quit [his] [j]ob [i]f [he didn't] like it" in response to his inquiries regarding the erroneous deductions from his salary in early 2000 that were subsequently corrected. Letter from William R. Miller to the EEOC, at 1 (Mar. 30, 2000). This comment is insufficient to show a causal connection between Miller's age or health and the alleged adverse employment action. The record simply contains no facts to support any allegations tying the asserted wage discrepancies to Miller's age or health. Accordingly, we affirm the district court's judgment granting defendant's motion for summary judgment on these claims. See Reid v. Senkowski, 961 F.2d 374, 378 (2d Cir. 1992) ("[W]e are free to affirm an appealed decision on any ground which finds support in the record, regardless of

the ground upon which the trial court relied." (alteration in original; internal quotation marks omitted)).

2.     Rule 60(b) Motion for Reconsideration

Miller also submits that the district court erred in denying his motion for reconsideration filed pursuant to Fed. R. Civ. P. 60(b). We disagree. "A [Rule 60(b)] motion . . . is generally not favored and is properly granted only upon a showing of exceptional circumstances." United States v. Int'l Bhd. of Teamsters, 247 F.3d 370, 391 (2d Cir. 2001). Having thoroughly reviewed the record, we conclude that the district court did not adopt an "erroneous view of the law or . . . clearly erroneous assessment of the evidence" sufficient to support the conclusion that it abused its discretion in determining that Miller's circumstances were not exceptional. In re Sims, 534 F.3d 117, 132 (2d Cir. 2008) (internal quotation marks omitted). Nor can we conclude that the district court's decision falls outside of "the range of permissible decisions." Id. (internal quotation marks omitted). The district court's denial of the motion for reconsideration was therefore not an abuse of discretion.

3.     Conclusion

We have considered Miller's remaining arguments and conclude that they are without merit. For the forgoing reasons, the district court's March 31, 2008 judgment and its April 28, 2008 order are AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court


By:_____

7