10-2134-cv (L)
General Star National Insurance Company v. NY Marine and General Insurance Company

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 14th day of June, two thousand eleven.

PRESENT: DENNIS JACOBS,
                              <u>Chief Judge</u>,
             DEBRA ANN LIVINGSTON,
                              <u>Circuit Judge</u>,
             JED S. RAKOFF,
                              <u>District Judge</u>.[*]

- - - - - - - - - - - - - - - - - - - - - -X
GENERAL STAR NATIONAL INSURANCE
COMPANY,
        <u>Defendant-Cross-Claimant-
        Cross-Defendant-Appellant</u>,

        -v.-                               10-2134-cv (L);
                                           10-2410-cv (Con)

UNIVERSAL FABRICATORS, INC., MUTUAL
MARINE OFFICE, INC., NEW YORK MARINE
AND GENERAL INSURANCE COMPANY,
        <u>Defendants-Cross-Defendants-
        Cross-Claimants-Appellees</u>.[**]
- - - - - - - - - - - - - - - - - - - - - -X

---

[*] The Honorable Jed S. Rakoff of the United States District Court for the Southern District of New York, sitting by designation.

[**] The Clerk of Court is respectfully directed to amend the official caption as set forth above.

**FOR APPELLANT:** Michael S. Gollub (Christopher T. Bradley, on the brief), Marshall, Conway, Wright & Bradley PC, New York, New York.

**FOR APPELLEES:** Patrick W. Brophy, McMahon, Martine & Gallagher, LLP, Brooklyn, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Scheindlin, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

General Star National Insurance Company ("General Star") appeals from a judgment of the United States District Court for the Southern District of New York (Scheindlin, J.) granting summary judgment in favor of the New York Marine and General Insurance Company and Mutual Marine Office, Inc. ("Mutual Marine"). Both Mutual Marine, as the primary insurer, and General Star, as the excess insurer, insured Universal Fabricators, Inc. ("UFI"). After a remand from this Court, Gen. Star Nat'l Ins. Co. v. Universal Fabricators, Inc., 585 F.3d 662 (2d Cir. 2009), the district court held that General Star was obligated to reimburse Mutual Marine for the amount it paid in excess of its policy limit in connection with a state court suit and an agreement apportioning a share of liability in that suit to UFI. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

This Court "review[s] a district court's grant of summary judgment de novo, construing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in its favor." Allianz Ins. Co. v. Lerner, 416 F.3d 109, 113 (2d Cir. 2005). "We will affirm the judgment only if there is no genuine issue as to any material fact, and if the moving party is entitled to a judgment as a matter of law." Id. (citing Fed. R. Civ. P. 56(c)). "We are free to affirm an appealed decision on any ground which finds support in the record, regardless of the ground upon which the trial court relied." Reid v.

2

Senkowski, 961 F.2d 374, 378 (2d Cir. 1992) (internal quotation marks and brackets omitted) (per curiam).

General Star's policy provides that its coverage extends to UFI's "ultimate net loss" which "may be established by adjudication, arbitration or a compromise settlement to which [General Star] ha[s] previously agreed in writing." J.A. at 279. General Star protests that it never agreed to the compromise agreement giving rise to the apportionment of liability in the underlying action against UFI. However, at a time when it was anticipated that the underlying action would not implicate its coverage, General Star told Mutual Marine to "handle [the matter] as [it] s[aw] fit" and informed Mutual Marine that it had closed its file. J.A. at 186. Accordingly, Mutual Marine discharged its duty to defend UFI by retaining counsel, who entered into the agreement apportioning liability. See N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc., 599 F.3d 102, 125 n.11 (2d Cir. 2010) (observing insurer generally conducts defense of insured). General Star therefore relinquished its ability to demand compliance with its policy provision requiring written consent to a compromise agreement.

General Star further contends that counsel for UFI lacked authority to enter into the agreement apportioning liability. Even if counsel for UFI was not authorized to enter this partial settlement agreement, the consequence would be that (through counsel) the insured breached a contractual duty of cooperation owed by the insured to Mutual Marine. See Lowell v. Twin Disc, Inc., 527 F.2d 767, 770 (2d Cir. 1975) (observing that, under New York law, "whenever the cooperation of the promisee is necessary for the performance of the promise, there is a condition implied that the cooperation will be given" (internal quotation marks omitted)). Mutual Marine has obviously waived any such defense to payment. Since Mutual Marine was authorized by General Star to handle things as it saw fit, General Star has no complaint on this score either.

Having reviewed all of the arguments properly presented on appeal, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

3