15-1163
*Clara Munoz-Feliciano v. Monroe Woodbury Central School District*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall Courthouse, 40 Foley Square, in the City of New York, on the 4th day of January, two thousand sixteen.

Present:
        ROBERT A. KATZMANN,
                *Chief Judge*,
        RALPH K. WINTER,
        JOHN M. WALKER,
                *Circuit Judges.*

_____

CLARA MUNOZ-FELICIANO,

        *Plaintiff-Appellant*,

                v.                                        No. 15-1163

MONROE-WOODBURY CENTRAL SCHOOL DISTRICT,
DR. MICHAEL DIGERONIMO, in his capacity as President
of the Board of Education of the Monroe-Woodbury Central
School District, EDWARD MEHROF, in his capacity as
Superintendent of the Monroe-Woodbury Central School
District and in his individual capacity, JENNIFER TRUMPER,
in her capacity as member of the Board of Education of the
Monroe-Woodbury Central School District and in her individual

1

capacity, JOHN DOES, 1 THROUGH 10, in their capacities
as officials, agents, employees and/or administrators of
the Monroe-Woodbury Central School District, and/or as present
and/or former members of the Board of Education of the Monroe-
Woodbury Central School District and in their individual
capacities, JOHN DOES, 11 THROUGH 20, in their capacities
as teachers, employees, and/or agents of the Monroe-Woodbury
Central School District and in their individual capacities, HUGH
CAUTHERS, in his capacity as Chief Information Officer of the
Monroe-Woodbury Central School District and in his individual
capacity,

*Defendants-Appellees*.

_____

For Plaintiff-Appellant:              Stephen Bergstein, Bergstein & Ullrich, LLP, Chester,
                                      New York.

For Defendants-Appellees:             Adam I. Kleinberg, Sokoloff Stern LLP, Carle Place,
                                      New York.


Appeal from the United States District Court for the Southern District of New York
(Seibel, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND**

**DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Clara Munoz-Feliciano appeals from the judgment of the United States

District Court for the Southern District of New York (Seibel, *J.*) dismissing her amended

complaint brought pursuant to 42 U.S.C. § 1983 for failure to state a claim.  We assume the

parties' familiarity with the facts, procedural history, and issues presented for review.

"A district court's dismissal of a complaint under Fed. R. Civ. P. 12(b)(6) is reviewed *de*

*novo*, accepting all factual allegations as true and drawing all reasonable inferences in favor of

the plaintiff." *Orlander v. Staples, Inc.*, 802 F.3d 289, 294 n.4 (2d Cir. 2015) (citation omitted).

2

"[W]e may affirm an appealed decision 'on any ground which finds support in the record, regardless of the ground upon which the trial court relied.'" *Garcia v. Lewis*, 188 F.3d 71, 75 n.2 (2d Cir. 1999) (quoting *Reid v. Senkowski*, 961 F.2d 374, 378 (2d Cir. 1992)).

Feliciano argues that defendants took adverse actions against her in retaliation for exercising her First Amendment right to free speech. More specifically, Feliciano's amended complaint ("AC") alleges that, in retaliation for her advocacy on behalf of students with special needs beginning in 2008 and her decision to run for a position on the Board of Education of the Monroe-Woodbury School District in May 2012, defendants (1) engaged in a "smear campaign" that falsely labeled Feliciano as a candidate running on behalf of the Hasidic Jewish community in the village of Kiryas Joel, (2) distributed an email in May 2013 that falsely stated that Feliciano unlawfully distributed campaign literature at a school event, and (3) refused Feliciano's request to home-school her daughter "CLF" and failed to discipline a student who assaulted CLF.

"To plead a First Amendment retaliation claim a plaintiff must show: (1) [s]he has a right protected by the First Amendment; (2) the defendant's actions were motivated or substantially caused by [her] exercise of that right; and (3) the defendant's actions caused [her] some injury." *Dorsett v. Cty. of Nassau*, 732 F.3d 157, 160 (2d Cir. 2013) (per curiam). We agree with the district court that the AC fails to state a claim with respect to any of the conduct alleged therein.

First, as to the alleged "smear campaign," Feliciano has no First Amendment right to prevent public officials from criticizing her. *See X-Men Sec., Inc. v. Pataki*, 196 F.3d 56, 68 (2d Cir. 1999). In *X-Men*, we held that, in the absence of "threats, intimidation, or coercion," a

3

public official's advocacy is not actionable in a First Amendment retaliation suit. *Id.* at 70–71. Feliciano does not allege that the smear campaign involved any such impermissible speech.

Even if we were to interpret *X-Men*'s reference to "threats, intimidation, or coercion" broadly to mean that a First Amendment retaliation claim could be based on a public official's speech that is not protected by the First Amendment, thereby making room for claims based on defamatory remarks, the AC is still insufficient. Because Feliciano's candidacy rendered her a public figure, the allegedly false statements only lose First Amendment protection if they were made with actual malice, that is, with knowledge of or reckless disregard for their falsity. *See Monitor Patriot Co. v. Roy*, 401 U.S. 265, 270–71, 277 (1971). The AC, however, is devoid of anything that could plausibly support a conclusion that defendants acted with actual malice, save, perhaps, an inference that Feliciano's critics had a motive to defame her. Circumstantial evidence of motive, however, is insufficient on its own to establish actual malice. *See Tucker v. Fischbein*, 237 F.3d 275, 284 (3d Cir. 2001). Accordingly, the district court properly dismissed Feliciano's claim based on the "smear campaign."

Second, as to the May 2013 email and conduct against CLF, the district court correctly determined that the AC failed to allege facts sufficient to permit an inference that defendants' conduct was caused by Feliciano's protected activity. "A plaintiff may establish causation either directly through a showing of retaliatory animus, or indirectly through a showing that the protected activity was followed closely by the adverse action." *Smith v. Cty. of Suffolk*, 776 F.3d 114, 118 (2d Cir. 2015). Here, there is no direct evidence of retaliatory animus either alleged in the AC or reflected in the content of the email about which Feliciano complains. Further, the

4

email was sent a year after Feliciano lost the election and the AC fails to disclose when the conduct against CLF occurred . No plausible inference of causation based on temporal proximity can be drawn from the passage of a year or the passage of some undefined period. *See generally Clark Cty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001) (per curiam) ("The cases that accept mere temporal proximity between an employer's knowledge of protected activity and an adverse employment action as sufficient evidence of causality to establish a prima facie case uniformly hold that the temporal proximity must be '*very close*.'") (quoting *O'Neal v. Ferguson Constr. Co.*, 237 F.3d 1248, 1253 (10th Cir. 2001) (emphasis added)).

Feliciano does not challenge the district court's denial of her motion to amend her complaint a second time. We have considered all of Feliciano's remaining arguments, and find them to be without merit. Accordingly, for the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

5